## W. W. WEATHERFORD v. CLAUDE McFADDEN.

### Decided May 20, 1899.

1. **Assignment of Error.**

An assignment that "the verdict is contrary to the law and the evidence," is too general, and will not be considered by the appellate court.

2. **State School Land Purchase—Good Faith—Evidence.**

Testimony that a purchaser of school land from the State bought improvements on the land by one under a prior void purchase is admissible as a circumstance of good faith, where the issue was as to whether such purchaser bought as an actual settler in good faith.

3. **Same—Charge Limiting Purpose of the Evidence.**

It is not prejudicial error for the court to refuse a special charge limiting the purpose for which such evidence might be considered to the matter of good faith where this was impliedly done in the general charge.

4. **Same—Minor—Purchase.**

A contract to purchase school land between the State and a minor past the age of 18 years, accepted by the State, is not invalid because of the minority of the purchaser, where the only condition imposed by the statute is that of actual settlement on the land, and the purchaser complies therewith.

APPEAL from Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

*Arthur Speer* and *W. P. Gibbs.* for appellant.

*Wm. Veale & Son,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Whether appellee or appellant had the superior right to purchase from the State fractional section 80 of school lands in Palo Pinto County was the question at issue in the trial of this case, appellee, the plaintiff in the action, holding the affirmative of the issue.

This was made to depend mainly upon the question of fact whether or

not appellee was an actual settler when he made his original application to purchase, December 7, 1897. The jury found that he was, and that finding is conclusive here, since the following is the only complaint made of the verdict in the motion for new trial: "Because the verdict of the jury is contrary to the law and the evidence," which assignment, as has been repeatedly held, was too general.

It is insisted that there was error in refusing the following special instruction requested by appellant: "You are instructed that the question of improvements or their value can not be considered in this case, except as a circumstance of good faith, and that plaintiff McFadden acquired no legal title to any improvements by any purchase he may have made of the occupancy and improvements in question from C. L. Williams."

The evidence which appellant sought to limit by this instruction was to the effect that appellee had bought of C. L. Williams, paying him therefor $400, the improvements put on the land by Williams under a prior but void purchase from the State, and was admitted over the objection that it was "irrelevant and misleading, and for the reason that plaintiff had theretofore shown that Williams had no legal right to said improvements, but all claim thereto had been forfeited."

To the bill of exceptions making this ruling a part of the record was added the following: "This bill is allowed with the explanation and qualification that said testimony was admitted not as evidence of title in the plaintiff, but only as a circumstance to be considered by the jury on the question of plaintiff's good faith in seeking to purchase the land from the State for a home, and the jury were so instructed at the time said testimony was admitted."

In addition to this the charge of the court, in submitting as the only ground of recovery the prior actual settlement and purchase of the land from the State by appellee in good faith for the purposes of a home, excluded, in effect, the idea of his right to recover upon any other ground, the charge concluding the submission of the issue with the following paragraph: "As to whether the plaintiff or defendant was in fact an actual settler upon the land in good faith for the purposes of a home, is a question of fact for your determination, and in determining the question of the good or bad faith of the parties you may look to the situation of the parties, their acts, conduct, and declarations, as well as all other facts under circumstances in evidence before you."

We are therefore of opinion that, while this special instruction might have been given, its refusal, under these circumstances, was not prejudicial to appellant. The jury could not with any show of reason have concluded that appellee acquired any title to the land by purchasing the improvements of Williams, or that any recovery was even sought by him upon that ground. The special instruction does not controvert but impliedly concedes that the testimony was admissible "as a circumstance of good faith," though under the assignment complaining of the admission of the evidence even this is controverted, but we think its admission for that purpose was not erroneous.

It is further insisted that inasmuch as appellee was not 21 years old, though past 18, when his application to purchase was made and accepted, he was ineligible as a purchaser of school land from the State; and this seems to be the most serious question in the case.   It is well settled that the contracts of a minor are not void, but only voidable at his instance, and that third parties will not be heard to interpose such disability.   But the question suggests itself, did the Legislature ever intend to authorize the Commissioner of the General Land Office to sell the school lands to minors?

The homestead donation law allows a single man of the age of 18 years or over to acquire eighty acres of vacant and unappropriated public land. Rev. Stats., art. 4161.   But we know of no similar provision in the law providing for the sale of the school lands.   Purchasers under that law are required to execute their written obligations to the State for the deferred payments of purchase money, principal and interest, which would seem to indicate that persons under the legal disability of minority were not contemplated as purchasers.

The only condition, however, made essential by the law itself to the right to purchase is that of actual settlement.   It may be, then, that it was contemplated that any actual settler in good faith should have this right, at least within the discretion of the Land Commissioner, and that his contract of purchase when accepted by the State should be attended with the same legal consequences as if made with an individual.   We can not see how the interests of the State or the school fund or of the minor could be made to suffer by this construction.   We are therefore inclined to adopt it, though not without some hesitation, at least to the extent of holding that where, as in this case, the Commissioner of the Land Office has awarded the land to a minor, a subsequent settler and applicant can not be heard to urge the disability of minority so waived by the Land Commissioner.   Whether he could be compelled to accept the application of a minor, we need not decide.

The judgment is affirmed.

*Affirmed.*