ROSS et al. v. BLUNT et al.   (No. 6601.)

(Court of Civil Appeals of Texas. Galveston. April 6, 1914. Rehearing Denied May 7, 1914.)

1. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error that the verdict of the jury is unsupported by the evidence, that it is contrary to law, and that the court erred in instructing a verdict in favor of defendants, are too general for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

2. SPECIFIC PERFORMANCE (§ 35*)—RIGHT TO—CONTRACTS

Where the husband of the owner of the legal title of land contracted for its sale, the purchaser is not entitled to specific performance unless he shows that the owner's husband was acting as her agent, or that she knew he was so acting and ratified the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 102–106; Dec. Dig. § 35.*]

3. SPECIFIC PERFORMANCE (§ 121*)—ACTIONS—EVIDENCE.

In a suit for specific performance of a contract for the sale of land, made between plaintiff's guardian and the husband of the owner of the legal title, evidence *held* insufficient to show that the wife was a party to the contract, or that she assented to or ratified her husband's act.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–395; Dec. Dig. § 121.*]

4. SPECIFIC PERFORMANCE (§ 97*)—RIGHT TO—TENDER.

Purchasers are not entitled to specific performance of a contract for the sale of land, unless they have tendered performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 286–298; Dec. Dig. § 97.*]

Appeal from District Court, San Jacinto County; L. B. Hightower, Judge.

Action by Turner Ross and others against R. E. Blunt and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

William McMurrey, of Cold Springs, and A. T. McKinney, of Huntsville, for appellants. G. I. Turnley, of Houston, and Campbell & Campbell, of Livingston, for appellees.

McMEANS, J. This is an action of trespass to try title, brought by Turner Ross and Lucy McMurrey, joined by her husband, R. J. McMurrey, against R. E. Blunt and his wife, S. A. Blunt, to recover a tract of 126 acres of land described in their petition. Mrs. Blunt having died pending the trial, her heirs, John Harrell, Sr., Peyton Harrell, Charles Harrell, Wash Harris, and Will Harris, were made parties defendant. The plaintiffs, in addition to the ordinary allegations in actions of trespass to try title, further alleged in their petition that in July, 1892, one A. W. Harrell was appointed guardian of the estates of the said Ross and Lucy McMurrey, the said plaintiffs then being minors, by the probate court of San Jacinto county, Tex., and that he qualified as such; that said plaintiffs were the owners of an estate consisting of real and personal property in the state of Virginia; that it was decided that it would be to the advantage of said plaintiffs to sell said property in Virginia and invest the proceeds of such sale in real estate in Texas; that in pursuance of this plan one G. D. Gray was appointed guardian of said plaintiffs by the chancery court of Culpepper county, Va., in 1897, and the said property of said plaintiffs was, by the order of said court, sold and the proceeds remitted to the said A. W. Harrell, the Texas guardian of said plaintiffs. Plaintiffs further averred that in February, 1898, the said R. E. Blunt, acting for himself and as the agent of the said Mrs. S. A. Blunt, entered into a contract in writing with the said A. W. Harrell, as guardian of said plaintiffs, for the sale of the tract of land described in their petition to the said Harrell, for the use and benefit of said plaintiffs, in consideration of the sum of $820. Five hundred dollars was to be paid in cash upon the execution and delivery to the said Harrell by the said Blunt and wife of a deed of conveyance of said land for the use and benefit of said plaintiffs, the balance to be paid in one and two years, in payments of $160 each, for which the said Harrell was to execute his promissory notes, to bear interest from date at the rate of 8 per cent. per annum, in which a lien for the unpaid purchase money was to be retained; that the said Harrell was to take possession of said land, but that the rents for the year 1898 were to go to the said Blunt and wife, which said contract has been lost. Plaintiffs further averred that in pursuance of said contract the said Blunt and wife delivered possession of said tract to the said Harrell, for the use and benefit of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

166 S.W.—58

said plaintiffs, who remained in its possession until his death in 1903, during which period the said Harrell erected permanent and valuable improvements thereon of the value of $1,500, for which purpose he expended that amount of the funds of said plaintiffs. Plaintiffs further averred that in compliance with the terms of said contract Harrell paid to the said Blunt and wife, of the funds of said plaintiffs, the following sums: February 19, 1898, $150; April 28, 1898, $200; January 2, 1899, $150; January 2, 1900, $30; April 28, 1903, $50—in which payments the said Mrs. S. A. Blunt acquiesced, and received the same for her own use; and in April, ·1903, the said Turner Ross and Lucy McMurrey, having attained their legal majority, ratified the acts and doings in that behalf by their guardian, A. W. Harrell, and the said Harrell and the plaintiffs entered into an agreement in writing between themselves and the said Blunt and wife whereby they agreed to complete said sale, and whereby they became liable to pay to the said Blunt and wife the balance then due on said contract, the consideration thereof being that the said Blunt and wife should make to the said Harrell, for the use and benefit of the said Ross and Lucy McMurrey, a deed to said premises; that in April, 1903, the said Blunt and wife executed a deed conveying said premises to the said Harrell for the use and benefit of the said Ross and Lucy McMurrey, duly acknowledged by said grantors, and deposited the same with one C. E. Turnley, to be delivered to the said Harrell upon his compliance with the terms of said contract and agreement. Plaintiffs further averred that in September, 1903, the said Harrell departed this life; that plaintiffs sought a completion of said contract, and tendered to the said Blunt and wife the balance of the purchase money due on said contract; that the said Blunt and wife, with intent to deceive these plaintiffs, represented to them that, inasmuch as the said Harrell was dead, it was proper for them to make a deed directly to the said Ross and Lucy McMurrey, and persuaded these plaintiffs to permit the said Blunt to withdraw the said deed from the possession of the said Turnley, with the promise that the grantors therein would execute a deed conveying said premises directly to the said Ross and Lucy McMurrey, to which proposition the said plaintiffs agreed; that when the said Blunt and wife obtained possession of said deed from the said Turnley they forcibly took possession of said tract of land, and ejected plaintiffs, and refused to execute said deed according to their promise, and still refuse so to do, and have converted to their own use the rents on said land since January 1, 1904, of the value of $400 per annum. They prayed that if it should be held by the court that plaintiffs are not entitled to recover by reason of their action of trespass to try title, then for judgment for the specific performance of said contract, for the rents and profits so converted as aforesaid, for costs of suit, and general relief, and tendered into court whatever balance should be found to be due on said contract with interest thereon. Defendants answered by general denial and a plea of not guilty, and by special pleas of the statutes of limitations of two, three, four, five, and ten years.

[1] The case was tried before a jury, and after the introduction of evidence had been concluded the court, upon motion of defendants, instructed the jury to return a verdict in their favor, which was done, and thereupon judgment was accordingly entered in favor of the defendants and against the plaintiffs for the land in controversy, from which judgment the plaintiffs have appealed, and seek to have the judgment reversed upon the following three assignments of error: (1) "The verdict of the jury is unsupported by the evidence adduced on the trial and is contrary thereto." (2) "The verdict of the jury is contrary to law." (3) "The court erred in instructing a verdict in favor of defendants." Under decisions too numerous to cite, these assignments are too general to require our consideration; but, even if they were considered they are without merit, for the reasons hereinafter stated.

[2] It was admitted on the trial that there was a perfect chain of title to the land in controversy from the sovereignty of the soil to Mrs. S. A. Blunt. It was also admitted that Mrs. Mollie L. Harrell (then Ross) was ·the guardian of the persons and estates of plaintiffs, Turner Ross and Mrs. Lucy McMurrey. Afterwards Mrs. Ross married A. W. Harrell, and the latter was then appointed guardian pro forma with his wife. The plaintiffs Turner Ross and Mrs. Lucy McMurrey were the owners of an estate in Culpepper county, Va., consisting principally of two tracts of land in said county, and their guardian, Mrs. M. L. Ross, in 1885, made application to the circuit court of said county for the sale of the lands belonging to her wards and minor children, for the purpose of investing the proceeds of such sales in Texas lands. An order was made by the court as prayed for, and one G. D. Gray was appointed commissioner to make such sales and as guardian of said plaintiffs in the state of Virginia, and the smaller of said tracts was sold for $150, which sale was confirmed by the court. Mrs. M. L. Ross having intermarried with A. W. Harrell, he became a party to said proceeding, and as guardian for said minors, on December 28, 1896, made a contract with one J. P. Mahoney for the sale of the larger tract for $3,000, payable in six annual payments of $500 each, beginning November 1, 1897, with interest from date of said contract, which sale was confirmed by the court. Harrell having made application to the circuit court for an order directing that the proceeds of said sales be paid over to him as guardian of said plaintiffs, as well

as all money in the hands of said Gray, an order was made by the court as prayed for, and the said Gray filed his report, showing remittances to Harrell of sums of money aggregating $1,325, which report was approved by the court. On February 15, 1898, the defendant R. E. Blunt, without being joined by his wife, Mrs. S. A. Blunt, in whom was the legal title, made a contract with A. W. Harrell, the guardian, in behalf of his wards, for the sale of the land in controversy for the sum of $820; $500 to be paid in cash, and the balance to be evidenced by notes and secured by a vendor's lien on the land, with interest from the date of sale. The record does not disclose whether this contract was oral or in writing; but this is immaterial, in the view we take of the case. Afterwards Harrell at various dates from February 19, 1898, to January 3, 1903, paid R. E. Blunt various sums of money, aggregating $530. Harrell at the time of the contract went into possession of the land, and remained in possession until his death in 1903. There was much additional testimony adduced tending to prove the execution of the contract of sale by R. E. Blunt to the plaintiffs.

We think plaintiffs failed to make out their case, because they wholly failed to show that the contract made by R. E. Blunt was joined in by his wife, Mrs. S. A. Blunt, the owner of the legal title, or that in making said contract R. E. Blunt was acting for her or at her instance, or that she knew he was so acting. We will not discuss here the question of whether Mrs. Blunt, a married woman, could have been bound by her executory contract of sale, had it been shown she had made such; for in the absence of any proof that she had made or authorized the making of such a contract, such question does not arise. But the sole contention of appellant arises upon the making of the contract by the husband, who had no title, and his subsequent acts in relation thereto; it not being shown that he was acting in behalf of his wife as her agent, or at her instance, in any manner to bind her. The contract, if it was in writing, was not introduced in evidence or its absence accounted for, or its contents proved. While appellants' contention is that Harrell in contracting to purchase the land was buying it for his wards, the appellants, the evidence fails to show that he used the money belonging to them in making the payments to R. E. Blunt, and failed to show that he had used their funds in making improvements on the land, if any were made.

[3] It appears from a letter written by R. E. Blunt to plaintiff R. J. McMurrey, December 7, 1903, that the contract of sale made by him with Harrell was for the benefit of the latter's wards, the plaintiffs. It also appears, from a letter written by said Blunt, on October 9, 1903, to plaintiff Lucy McMurrey, that a deed to the tract sold to said Harrell was in the possession of Judge Geo. I. Turnley, Blunt's attorney, which he had held since the previous April with instructions to deliver the same to said Harrell upon the compliance by the latter with the contract of sale. This letter continues as follows: "Since the death of our brother [meaning A. W. Harrell] I think it necessary to make a new deed to you and your brother, and have written Mr. Turnley to comply with your request. You can confer with Mr. Turnley, and get him to make out all necessary papers and forward to me for our signatures, and the same will have my prompt attention." On November 21, 1903, said Blunt wrote to Mrs. Mollie E. Harrell as follows: "Inasmuch as we still hold the land I sold him [A. W. Harrell], we will not, for the present, at least, sign deed sent us by Lucy and Turner [the plaintiffs], and will claim the amount of money he paid on the place as rent for the five years he held it. * * * I have instructed Mr. Turnley to take possession of our place on January 1, 1904 (or earlier, if necessary), and act as my agent in disposing of it."

[4] There is nothing in the letters to prove, and the testimony does not otherwise raise the issue, that Mrs. S. A. Blunt was a party to the contract of sale, or that she had signed the deed left by her husband with Mr. Turnley, or even that she authorized, assented to, or acquiesced in the acts of her husband in relation thereto. And even if the testimony had so shown, there was no evidence that the guardian, Harrell, or the plaintiffs, at any time tendered performance of the contract of sale, or in any other manner placed themselves in a position to demand specific performance. Appellants, having failed to prove the execution of a contract of sale to them through their guardian by Mrs. Blunt, the owner of the title, or any fact that would bind her to make the conveyance, were not entitled to a judgment, and the court, in the circumstances, correctly instructed a verdict against them. The judgment of the court below is affirmed.

Affirmed.