WARDLOW v. ANDREWS et al. (No. 5547.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1915. Rehearing Denied Dec. 22, 1915.)

1. CARRIERS ⬡30—INTERSTATE SHIPMENTS—RATE APPROVED BY INTERSTATE COMMERCE COMMISSION—NOTICE.

A freight rate approved by the Interstate Commerce Commission becomes effective immediately, though the carrier does not post the tariff in its local station.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 81; Dec. Dig. ⬡30.]

2. CARRIERS ⬡30—INTERSTATE SHIPMENTS—WRONG QUOTATION OF RATES—RIGHT OF ACTION.

A wrong quotation by a carrier's agent of lower rates for interstate shipments than that fixed by the Interstate Commerce Commission gives no right of action against the carrier to the shipper injured thereby.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 81; Dec. Dig. ⬡30.]

3. APPEAL AND ERROR ⬡1071—STATEMENT OF FACTS—FINDINGS OF FACT AND LAW.

An approved statement of facts, showing no material conflict in the evidence, takes the place of, and dispenses with the necessity of the filing of, findings of fact and law by the court, though request has been made for such findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. ⬡1071.]

4. APPEAL AND ERROR ⬡724—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error, stating that "the judgment * * * is contrary to the law * * * and the evidence, * * *" being too general, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. ⬡724.]

Appeal from Hidalgo County Court; W. H. Gossage, Judge.

Action by Frank Andrews and others, receivers, against W. D. Wardlow. From judgment for plaintiffs, defendant appeals. Affirmed.

Frank C. Pierce and Webster & Green, all of Brownsville, for appellant. Claude Pollard, of Kingsville, and Oscar C. Dancy and Graham, Jones, West & George, all of Brownsville, for appellees.

CARL, J. The St. Louis, Brownsville & Mexico Railway Company, through its receiver, Frank Andrews, the St. Louis & San Francisco Railway Company, through its receivers, Thos. H. West, W. C. Nixon, and W. P. Riddle, and the Houston & Texas Central Railway Company, appellees, sued appellant, W. D. Wardlow, and recovered a judgment for the difference between the rate quoted to and paid by appellant on a shipment of lumber from Woodville, Okl., to Llano Grande, Tex., and the rate alleged to have been promulgated by the Interstate Commerce Commission which was claimed to be in force at that time. Appellant paid the freight as called for in his contract of shipment, amounting to about $256.72, and the additional amount sued for was $214.62.

The petition alleges that in the contracts of shipment, which are set out as Exhibits A and B, defendant and appellees agreed to substantially the following:

"The said St. Louis & San Francisco Railway Company agreed to transport from Raywood or Woodville, Okl., for defendant two certain carloads of ash lumber and to safely transport the same from said station of Raywood or Woodville, Okl., over its own lines and the lines of connecting carriers to the station of Llano Grande, Tex., on the line of the St. Louis, Brownsville & Mexico Railway Company in Hidalgo county, Tex., subject to the various stipulations in said contract set out, and the said Wardlow on his part in writing agreed to pay the legal freight charges on same as designated and set out by the Interstate Commerce Commission."

Also:

"That by the terms of said contracts, as evidenced by said freight contracts hereto attached and prayed to be considered as part hereof, said defendant became bound and liable, and promised to pay to plaintiff the legal amount of freight due for transporting said property from Raywood or Woodville, Okl., to Llano Grande, Tex., as stipulated under freight rates made by the Interstate Commerce Commission, but that said defendant has only paid thereon the sum of $265.72, as above set out, and there still remains due and unpaid upon said contracts the sum of $214.62, and defendant, though often requested, has failed and refused, and still fails and refuses, to pay said balance due, or any part thereof, to plaintiff's damage in the sum of $275."

The defendant answered by general demurrer, admitted the shipment of lumber, but denied that he agreed or was bound to pay the rates fixed and published by the Interstate Commerce Commission, and denied that the copies of the written contract are true copies. He also alleged that he requested J. L. Dodson, the railway agent at Woodville, to quote him rates on this class of freight; that this agent communicated with the general freight offices of the St. Louis & San Francisco Railway and its receiver, and was informed that the rate was 26 cents per hundred pounds, and that he relied on that rate, shipped the lumber, and paid the freight so due under said quotation.

As narrowed down, the issue was whether defendant was protected by the payment of the 26 cents per hundred pounds, or would be compelled to pay at the rate of 47 cents per hundred pounds, the interstate commerce rate. The trial court gave the railways judgment for the amount for which the suit was brought.

[1, 2] Appellant's first assignment of error and proposition thereunder are based upon the idea that after the approval, adoption, and promulgation of the rate by the Interstate Commerce Commission it is necessary for the railway thereby affected to take some action before that rate becomes effective. There is no doubt that the rate contended for by appellees had been approved and filed by the Commerce Commission. And it may be said to be settled law that a wrong quotation of lower rates than that fixed by the Interstate Commission by an agent, applicable to interstate shipments, such as this was, gives no right of action to the shipper who may have sustained injury by reason of such wrong quotation. G., C. & S. F. Ry. Co. v. Hefley, 158 U. S. 98, 15 Sup. Ct. 802, 39 L. Ed. 910; Railway Co. v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; Wichita Falls & W. Ry. Co. v. Asher, 171 S. W. 1116; T. & P. Ry. Co. v. Cisco Oil Mill, 204 U. S. 451, 27 Sup. Ct. 358, 51 L. Ed. 562.

And it appears that it is not necessary that the tariff be posted in the carrier's local station, in order that the rate promulgated may become effective. Ill. Cent. Ry. Co. v. Henderson Elevator Co., 226 U. S. 441, 33 Sup. Ct. 176, 57 L. Ed. 290; K. C. Southern Ry. Co. v. Albers Commission Co., 223 U. S. 573, 32 Sup. Ct. 316, 56 L. Ed. 556; Ruling Case Law, vol. 4, § 75.

As we construe the law to be, from the above cases and others, when a rate is approved by the Interstate Commerce Commission it then becomes operative upon the railway whether it performs its duty or not. The following is taken from a footnote to the Illinois Central Railway Case, supra:

"While shippers rely largely upon the rates quoted by freight agents and billing clerks, the law charges them with knowledge of the lawful rates. And they will not be heard before this Commission to claim the benefit of a lower than the lawful rate on the ground that some railroad clerk has made a mistake in quoting a lower rate for a particular shipment. To permit shippers to impute negligence to carriers in quoting rates, and on that ground to enjoy the rate quoted, instead of paying the lawfully published rate, would open a broad and ample way for the payment of rebates, and for other unlawful practices, and might, in its practical results, work a repeal of the essential feature of this legislation."

[3] Appellant filed a request that the trial court (this case having been tried before the court without a jury) file conclusions of fact and law; but there is an approved statement of facts in the record. The facts in this case are practically undisputed, and there is no conflict. And where the statement of facts filed shows no material conflict in the evidence, such statement takes the place of findings of fact and law filed by the court, and such failure to file such findings is not reversible error. Peers v. Williams, 174 S. W. 864; Jacobs v. Nuss-

baum, 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 851.

[4] There is an assignment which says:

"The judgment of the court entered herein is contrary to the law applicable to this cause and the evidence adduced upon the trial thereof."

Our courts have uniformly held, of late, that such an assignment is too general, and will not be considered.

We find nothing that requires a reversal, and the judgment is accordingly affirmed.