## MELSHEIMER et al. v. SHAW et al. (No. 7911.)

(Court of Civil Appeals of Texas. Galveston. May 6, 1920. Rehearing Denied May 27, 1920.)

**Appeal and error �kö—733 — Assignment that judgment was contrary to law and evidence too general.**

Assignment of error that court erred in rendering judgment for plaintiff, as same was contrary to the law and evidence, is too general to require consideration.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Mary Shaw and husband against N. E. Melsheimer and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Heidingsfelders, of Houston, for appellants. L. M. Williamson and Stevens & Stevens, all of Houston, for appellees.

LANE, J. This suit was brought by Mrs. Mary Shaw, joined by her husband, J. N. Shaw, against N. E. Melsheimer, W. B. Furlow, and N. E. Furlow, to recover title and possession of lots 1, 2, 3, 4, 13, 14, and 15, in block 111, and lots 3, 4, 5, 6, 7, and 8, in block 112, of Houston Heights. Plaintiff Mary Shaw alleged, and the undisputed evidence shows, that she became the owner of said lots under and by virtue of the will of her former husband, Fred Hartman, which had been duly probated. Plaintiff alleged that she had been the cook and servant of the defendant Mrs. N. E. Melsheimer for many years, and that there existed a close confidential relation between them all during said years. She alleged, further, that after the death of her husband, Fred Hartman, and after she became the owner of said lots, Mrs. Melsheimer told her that, as she had German blood in her and as the United States was at war with Germany, the property would be

confiscated, unless the appellee placed the title in some other person, and that if the United States did not confiscate the property that the stepchildren of the appellee would take it away from her; that the appellee, not knowing her rights in the premises and not knowing that the advice and information of the appellant was false, and having full confidence in appellant, consented to convey and did convey all of said lots, except lots 1, 2, 3, and 4, in block 111, which were by oversight omitted, to the appellant; that appellant advised the appellee, unless she made such conveyance, she would lose the property, and that the appellant would hold the same for her, and reconvey it to the appellee whenever requested so to do; that the appellee, on account of her ignorance, was overreached by the appellant, who was of superior intellect and education, and that the appellant designedly undertook, without consideration, to acquire appellee's said property; that the appellee was in no danger of losing said property by confiscation or otherwise, and that the said stepchildren of the appellee had no interest whatever in the property, and could not, at any time or in any manner, have recovered the same from the plaintiff; that although the appellant was holding the property in trust for the appellee, nevertheless a short time preceding the filing of the suit the appellant was attempting to convey the said property, in order to place the same in the hands of an innocent purchaser; that the appellant exercised a confidential relation toward the appellee, and that the appellee believed the statements of the appellant to be true, and relying upon the same conveyed the property in controversy to the appellant under the circumstances above related; that the original conveyance was executed about the 17th day of September, 1917, at which time the appellee was a feme sole, and that afterwards, on the 18th day of July, 1918, after appellee had intermarried with J. M. Shaw, she was induced to execute another deed to the plaintiff by such fraudulent representations, so as to include therein said lots 1, 2, 3, and 4, block 111; and that at the time of signing such deed the appellee was lawfully married to J. M. Shaw, who did not join in such deed, wherefore the deed last mentioned was null and void. The prayer of plaintiff was for judgment for the title and possession of the property sued for, for judgment canceling the deeds executed by her to appellant, and for writ of restitution.

Appellant Mrs. Melsheimer answered by general demurrer, general denial, and alleged that the deed of September 17, 1917, was executed for the nominal consideration of $10 and the further consideration of past services rendered appellee by appellant; that at the date of the execution of said deed it was the intention of appellee to include in said deed lots 1, 2, 3, and 4, in block 111, which were by oversight and mutual mistake omitted from said deed; that on about April 2, 1918, said omission was discovered, and appellee executed a correction deed covering said omitted lots; that this deed was delivered to appellant; that on said 2d day of April, 1918, appellee was still a feme sole, with capacity to execute the correction deed; that as the deed of April 2, 1918, had been lost, Mrs. Mary Shaw did, at the request of appellant, execute a deed of July 8, 1918, so as to include the lots omitted from the deed of September 17, 1918. She denied fraud and misrepresentations alleged by appellee, and asked that the deed executed by appellee on the 17th day of September, 1917, be reformed, so as to include the lots omitted by mutual mistake of the parties, to wit, lots 1, 2, 3, and 4, block 111. The prayer was for judgment in favor of defendant for the title and possession of the property, and reformation of deed of date September 17, 1917, and general relief.

The plaintiff admitted that it was her intention to include in the first deed, of date September 17, 1917, lots 1, 2, 3, and 4, block 111, and the sole purpose of executing the last deed of date July 8, 1918, was to include therein the lots omitted from the first deed. She alleged in this connection that said deed was made at the request of appellant, and while she was resting under the false belief as hereinbefore set out.

The defendants Furlow both disclaimed, and were dismissed from the case. The case was submitted to a jury upon special issues, to which they answered:

First, that the defendant Mrs. N. E. Melsheimer did, by false and fraudulent representations made to the plaintiff, Mary Shaw, as set out in her petition, induce Mary Shaw to convey the property described in the deed of September 17, 1917, and that said false and fraudulent representations were made with the intent to fraudulently acquire the title to said property; and, second, that Mary Shaw did not execute to Mrs. N. E. Melsheimer a deed of April 2, 1918, as alleged by appellant.

Upon the answers of the jury and the evidence, the court rendered judgment for Mrs. Mary Shaw for the property sued for, canceling the two deeds executed by her to appellant, of date September 17, 1917, and July 8, 1918, respectively, and that appellant take nothing of appellee by her cross-action.

The first assignment is as follows:

"The court erred in rendering judgment for the plaintiff, as same is contrary to the law and to the evidence."

This assignment is too general to require a consideration thereof. Ross v. Blunt, 166 S. W. 913; Moore v. Cooper Mfg. Co., 171 S. W. 1034; Smith v. Jones, 192 S. W. 795; American Life Ins. Co. v. Rowell, 175 S. W. 170; American Nat. Bank v. Warner, 176 S.

W. 863; Wardlow v. Andrews, 180 S. W. 1161; Friedman v. Huntsville Cotton Oil Co., 177 S. W. 573. However, we have reviewed the evidence, and after so doing have reached the conclusion that the judgment is supported by ample evidence.

We have carefully considered the contentions presented by assignments 2 and 3, and conclude that neither of them present reversible error; therefore they are overruled. The judgment is affirmed.

Affirmed.