## SLAYDON v. FULLER. (No. 117.)

(Court of Civil Appeals of Texas. Waco. Dec 4, 1924.)

**1. Appeal and error ⬢230—Court's charge, to be grounds for reversal, must be excepted to before given to jury, or defects and errors therein are waived.**

Where court's charge does not present fundamental error, and appellant did not request any special charge, or make any objections to charge before it was read to jury, under Rev. St. art. 1971, any defects or errors were waived.

**2. Appeal and error ⬢731(1)—Assignment of error that verdict is contrary to law and evidence, too general.**

Assignment of error that verdict is contrary to law and evidence is too general.

Error from Dallas County Court, at Law; T. A. Work, Judge.

Action by M. C. Fuller against William Slaydon. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred J. Dudley, of Dallas, for plaintiff in error.

Thomas, Frank, Milam & Touchstone, of Dallas, for defendant in error.

BARCUS, J. This suit was filed by appellee against appellant on a written contract to recover for services rendered; appellee claiming that under the contract appellant owed him $466.25 for moving dirt from a gravel pit. Appellant answered by a general denial and cross-action. The cause was submitted to the jury on a general charge, and the jury returned a verdict for appellee for $388.34. Appellant made no exceptions to the court's charge, and requested no special charge. Appellant in his brief assigns only two errors, one that the court's charge contained fundamental error, and the other that the verdict was contrary to law and the evidence.

[1] We have examined the court's charge, and it does not present any fundamental error, and since the appellant did not request any special charge to be given nor make any objections to the court's charge before it was read to the jury, he thereby waived all defects and errors contained in or omitted

from said charge. Article 1971, Revised Statutes; Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Lamar v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34.

[2] The assignment that the verdict of the jury is contrary to the law and the evidence is too general to be considered. Weatherford v. McFadden, 21 Tex. Civ. App. 260, 51 S. W. 548. We have, however, carefully examined the pleadings and the statement of facts, which are short, and they sustain the verdict of the jury. We overrule the assignment.

The judgment of the trial court is affirmed.