## GARONZIK v. GREEN. (No. 1253.)

(Court of Civil Appeals of Texas. Beaumont. June 4, 1925.)

**1. Appeal and error ⬅⟫729—Assignment of error to direction of verdict must show issue was raised by evidence as well as pleadings, entitling it to be submitted to jury.**

An assignment, that court erred in instructing jury to return verdict for defendant because "pleadings" raised a certain issue, cannot be considered, because it did not allege evidence raised such issue, it being elementary an issue must be raised both by pleadings and evidence to be submitted to jury.

**2. Appeal and error ⬅⟫742(6)—Defective assignment of error not cured or aided by proposition thereunder.**

Defective assignment of error to direction of verdict, because "pleadings" raised a certain issue, is not cured or aided by proposition which is verbatim copy thereof which attempts to supply lacking element by adding words "and the evidence" after word "pleadings."

**3. Appeal and error ⬅⟫729—Assignment of error to direction of verdict must point out specific error.**

An assignment of error to direction of verdict, because "pleadings and the evidence" raised a certain issue, would be too general to present, on appeal, question of whether such issue was raised, not pointing out any specific error.

**4. Appeal and error ⬅⟫742(6) — Enlargement of assignment of error, by proposition containing ground of error not presented below, not permissible.**

Where assignment of error to direction of verdict alleged "pleadings" raised issue, a proposition thereunder that "evidence" raised issue was not permissible, as assignment of error cannot be enlarged by proposition containing ground of error not presented below.

**5. Appeal and error ⬅⟫729—Assignment of error to direction of verdict must specifically point out wherein court erred and wherein evidence raised jury issue.**

Assignment of error to direction of verdict, because "under pleadings and undisputed testimony" a certain issue was raised, "said matter being fully shown in plaintiff's bill of exceptions No. 1 here referred to and made a part hereof," held too general, not pointing out wherein court erred or wherein evidence raised such issue, and reference to and attempted incorporation therein of another bill of exceptions, without stating where in record it may be found, was insufficient to supply the defect.

**6. Appeal and error ⬅⟫740(5)—Assignment of error to direction of verdict held objectionable as multifarious.**

Where plaintiff sought real estate commission on two distinct and separate grounds, an assignment of error to direction of verdict, because pleadings and testimony raised issue for jury of whether he was so entitled, was objectionable as multifarious.

**7. Brokers ⬅⟫50—Real estate agent not entitled to commissions on sale of property made to his prospect after termination of agency.**

Where property was sold, after agent's exclusive right to sell property expired, to a prospect procured by agent within time of exclusive agency, he was not entitled to commissions for sale thereof, in absence of fraudulent termination of agency or prevention of sale by owner within time limitation.

**8. Brokers ⬅⟫50—Agent's waiver of exclusive agency, excepting certain prospect and dealer, held not an extension of original contract covering deal involving excepted parties after expiration thereof.**

Where agent had exclusive agency to sell property, but waived such exclusive agency except as to one prospect and one real estate man, this agreement did not extend his right of agency beyond the expiration date of original agency contract, and agent was not entitled to commissions on land sold to such prospect by said real estate man after expiration of time limit of exclusive agency.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Will Garonzik against Jacob Green. From a judgment for defendant, plaintiff appeals. Affirmed.

Muse, McCutcheon & Muse, of Dallas, for appellant.

Etheridge, McCormick & Bromberg, of Dallas, for appellee.

O'QUINN, J. This is a suit by appellant against appellee for commissions alleged, by appellant to be due him, arising out of the sale of certain real estate in the city of Dallas, Tex.

Appellant alleged that in June, 1922, appellee listed the property with him for sale, and gave him an exclusive agency to sell said property at the price of $52,500, up to March 1, 1923, appellee to receive of said sum $50,000, and appellant $2,500 as his commission, being 5 per cent. of $50,000, the net sum appellee was to receive from the sale of said property; that appellant interested H. D. and Max Michaelson in the purchase of said property, and that they were willing and able to purchase same, but that they desired to postpone the purchase until after the first of the year, 1923: that appellant communicated to appellee the fact that said Michaelsons were prospective purchasers of said property; that some time about the middle of December, 1922, appellee informed appellant that other real estate agents wanted to sell said property; that he was getting offers from them, and that he would like to be relieved of the exclusive agency he had given to appellant; that appellant waived his exclusive agency as all purchasers except the Michaelsons, and all real estate agents except as to Sam B. Raitman; that it was then and there agreed that if said

Michaelsons purchased said property, appellant was to receive his said commission; that, on to wit, April 10, 1923, Jacob Green, joined by his wife, Freda Green, sold said property to said H. D. and Max Michaelson for $50,000, but that in order to cheat and defraud appellant out of his commission, the Michaelsons, Sam Raitman, and Green, appellee, caused a deed to be made to the said property to S. D. Winter, April 10, 1923, and that on the same date S. D. Winter, joined by his wife, conveyed said property to said H. D. and Max Michaelson for said consideration of $50,000; that the deeds from appellant to S. D. Winter and from Winter and wife to the Michaelsons were fraudulent for the purpose of concealing the true sale from appellant to the Michaelsons, and cheat appellant out of his commission; that regardless of whether appellant had an exclusive agency to sell said property, that appellee listed said property with him for sale, so that he, appellant, was the moving and efficient cause of finding and securing the real purchasers, the Michaelsons, of said property, and that, therefore, he is entitled to his commission of $2,500. Appellant pleaded, in the alternative, that on a quantum meruit he was entitled to recover of appellee, for in that appellee caused appellant to give him his time and attention to finding and securing a purchaser for said property, and that he did find such purchaser, to wit the Michaelsons, and that by reason of the premises he, appellant, is entitled to recover of appellee a reasonable sum of money from appellee for his services, and that 5 per cent. of the purchase price is reasonable and customary; and further pleaded that as appellee had maliciously and fraudulently entered into a conspiracy to cheat and defraud appellant out of his commission, thereby he was entitled to recover of appellee exemplary damages in the sum of $1,000.

Appellee answered by general demurrer and general denial.

[1] The case was tried before the court with the aid of a jury, but at the conclusion of the evidence, on motion of defendant appellee, the court instructed the jury to return a verdict for the defendant, which was done, and judgment accordingly entered. From this judgment appellant brings this appeal.

Appellant's first assignment of error is:

"The court erred in instructing the jury to return a verdict against the plaintiff and in favor of the defendant, because the pleadings raised the following issue: Did the defendant, Jacob Green, list the real estate involved in this lawsuit, with the plaintiff, Will Garonzik, for $52,500 gross?"

Appellee objects to us considering this assignment, for the reason that it appears from the face of the assignment that it complains that the court erred in instructing the verdict, because the issue stated was raised by the pleadings, but that said assignment did not allege that said issue was also raised by the evidence, in the absence of which no error is shown. We think that the objection to the assignment should be sustained. It is elementary that for an issue to be submitted to the jury, it must be raised by both the pleadings and the evidence, for pleading without proof or proof without pleading is of no avail, and cannot be made the basis of a judgment.

[2-4] Appellant's proposition under this assignment is a verbatim copy of the assignment, with the addition of the words, "and the evidence," after the word "pleadings." We do not believe that this cures the vice in the assignment. If the assignment had contained the added words, it would, in our opinion, still have been too general—would not have pointed out any specific error, for in order to have determined whether the issue was raised, we would have had to examine the pleadings and the evidence to have ascertained that fact. Besides, the assignment being too general, it cannot be aided by the proposition. Chapman v. Reese (Tex. Civ. App.) 268 S. W. 967 (writ refused). Moreover, the proposition contains a ground of error that was not presented to the court below in the motion for new trial. The proposition that the evidence raised the issue has no basis in the assignment, and, therefore, is not germane to the assignment. An enlargement of an assignment of error in this manner is not permissible.

[5] The next nine assignments are to the same purport, that is, they assert that the court erred in directing the verdict, because the pleadings raised certain issues therein named, there being no assertion that the issues were raised by the evidence. The objection to these assignments is sustained.

Appellant's eleventh assignment is:

"The court erred in instructing a verdict against the plaintiff and in favor of the defendant, because under the pleadings and the undisputed testimony, the issue was raised as to whether or not the plaintiff, Will Garonzik, was entitled to recover a commission on the sale of the defendant, Jacob Green's property. Said matter is fully shown by plaintiff's bill of exception No. 1, here referred to and made a part hereof, as though written herein."

This assignment is too general, and cannot be considered. It points out no error—does not state wherein the court erred in instructing the verdict, or wherein the evidence raised the issue. Salliway v. Grand Lodge (Tex. Civ. App.) 164 S. W. 1041 (writ refused); Underwood v. Hogg (Tex. Civ. App.) 261 S. W. 556 (writ refused); Boddy v. Petro (Tex. Civ. App.) 260 S. W. 675; Mo. K. & T. R. Co. v. Maxwell, 104 Tex. 632, 143 S. W. 1147. The assignment, instead of stating that which would disclose the error, if there was error, simply refers to plaintiff's bill of exception No. 1, without even stating where in the record such bill of exception is to be found, and thus attempts to make said bill of exception

a part of the assignment. This is not sufficient. Modern Brotherhood of America v. Chandler (Tex. Civ. App.) 146 S. W. 626 (629); Childress v. Robinson (Tex. Civ. App.) 161 S. W. 78 (writ refused); Anderson & Day v. Darsey (Tex. Civ. App.) 171 S. W. 1089.

[6] Furthermore, it is believed that the assignment is objectionable as being multifarious, in that it asserts that the court erred in instructing a verdict for appellee, because the pleadings and the testimony raised the issue of whether appellant was entitled to recover a commission on the sale of appellant's property, when a consideration of appellant's pleadings discloses that he sought to recover commissions on *two distinct and separate grounds*—one of an express contract and the other of quantum meruit, which, of course, could exist only upon an implied contract, and offered evidence to support both theories. This assignment, in effect, would bring in review all the questions of the case, as shown by the pleadings and the evidence.

However, in any event, we think the judgment should be affirmed, for the following reasons:

[7] (1) Appellant claimed that he was entitled to commissions because he had an exclusive agency to sell the real estate in question, but admits that said exclusive agency expired March 1, 1923. The property was not sold until April 10, 1923. Hence, as the property was sold subsequent to the expiration of the express contract asserted by appellant, and was not sold by appellant, he was not entitled to recover. It is true that appellant charges appellee with fraud in connection with the sale, but it will be borne in mind that according to the testimony of appellant himself, the exclusive agency claimed by him expired March 1, 1923, and the sale was not made until in April, 1923. The rule seems to be well settled that when by the contract the agent's right to sell is limited to a time certain, he is not entitled to commissions if no sale is effected within that time, even though the owner, subsequent to the expiration of the exclusive agency, sells to one with whom the agent has been negotiating, unless the agency was terminated fraudulently by the owner, or the owner prevented a sale by the agent within the time specified. No such fraud is shown here. According to appellant's own testimony, his contract of exclusive agency had expired, by the terms of its own limitation, before the sale and no

interference is shown by the owner in the making of a sale by appellant. All the acts, claimed by appellant to have been done in the sale, were after the expiration of appellant's exclusive agency. Neal v. Lehman, 11 Tex. Civ. App. 461, 34 S. W. 153; Aukerman v. Bremer (Tex. Civ. App.) 209 S. W. 261; Langer v. Aycock (Tex. Civ. App.) 209 S. W. 199; Shelton v. Lemmon (Tex. Civ. App.) 268 S. W. 177.

[8] (2) Appellant's claim that if Raitman sold the property to Michaelsons, it was agreed that he should be paid the commission, we do not think is supported by the record. Appellant says in his pleadings that this agreement was made at the time when he agreed with appellee to waive his exclusive agency, when he excepted from said waiver the purchasers, the Michaelsons, and from the real estate agent, Sam B. Raitman. From a careful examination of the evidence, we conclude that appellant's claim has no support in the record. Even appellant's testimony does not show any extension of appellant's agency, exclusive or otherwise, nor do we find evidence supporting appellant's contention that he was to receive commissions if the property was bought by the Michaelsons, or sold by Raitman. If it should be held that in December, 1922, when appellee told appellant that he wanted to be relieved of the exclusive agency held by appellant, that appellant's statement that he agreed to waive his exclusive agency as to all purchasers except the Michaelsons, and as to all agents except Raitman, was equivalent to an agreement that appellant was to be paid a commission if the Michaelsons bought the property, or if Raitman sold same, still we think it manifest that his right to so receive commissions was contingent upon the sale of the property being made to the Michaelsons prior to the expiration of the exclusive agency period, March 1, 1923, for it cannot be said that this agreement, if any such there was, had the effect to extend the time limit of the exclusive agency, or agency of any character, beyond March 1, 1923. The exclusive agency having expired by its own terms, and there not having been any extension of said agency, and the property having been sold in April, 1923, after the expiration of said agency, appellant has not established his contention.

The judgment should be affirmed, and it is so ordered.