WACASEY et al. v. WACASEY et al.*
(No. 3141.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 15, 1925. Rehearing Denied Dec. 31, 1925.)

1. Appeal and error ☞733—Assignment that judgment was erroneous held objectionable as being too general.

Assignment of error, that court erred in rendering judgment for plaintiffs and declaring resulting trust in land sued for and ordering partition, held objectionable as too general, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, and rules 24–26 for Courts of Civil Appeals.

2. Appeal and error ☞731(5), 740(5)—On appeal from judgment establishing resulting trust, assignment of error held objectionable as being too general and multifarious.

Assignment of error that evidence was not sufficient to sustain holding that plaintiffs had interest in land, or to sustain finding of jury in answer to questions specified, held objectionable, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, and rules 24–26 for Courts of Civil Appeals, as too general and multifarious.

Appeal from District Court, Fannin County; George P. Blackburn, Judge.

Action by Bess Wacasey and others against J. W. Wacasey and others. From a judgment for plaintiff, defendant appeals. Affirmed.

This is the second appeal of the cause to this court. The judgment from which the first appeal was prosecuted, like the one from which this appeal was prosecuted, was in favor of appellees Bess Wacasey and her infant son. The judgment on the first appeal was reversed, because it appeared from the testimony on that appeal that said Bess Wacasey loaned the $2,197.30 owned by her and her said son to appellant J. W. Wacasey for one year from about January 1, 1919, and further appeared that said J. W. Wacasey purchased and paid for the 58.85 acres of land in controversy in July of that year. With reference to the case made by the testimony referred to, Judge Levy, speaking for this court, said:

"If the contract of loan continued until the end of the year [as it appeared it did from other testimony], then J. W. Wacasey made no 'investment' of the $2,197.30 'for these plaintiffs' in the purchase of the land in July, 1919, about six months before the loan contract expired. Any subsequent payment after July, 1919, made by J. W. Wacasey will not raise a resulting trust. The trust must result, if at all, at the time the deed is taken and the legal title vested."

The pleadings of the parties on the two trials were the same, and the testimony at the last trial was not materially different from that at the first trial, except that at the last trial the testimony, instead of showing that the 58.85 acres of land was purchased and paid for in July, 1919, showed that a deed conveying it to said J. W. Wacasey, then executed by the owner of the land, was placed in escrow for delivery to said J. W. Wacasey when the purchase price of the land was paid, and that the purchase price was paid by and the deed was delivered to said J. W. Wacasey "about the 4th or 5th of the next January, 1920." A full statement of the case made by the record on the former appeal will be found in the report thereof in 256 S. W. 1020. The case made by that record was materially different from the case made by the record now before us only in the respect specified above. But the difference is vital, and it is apparent from the opinion of the court on the former appeal that the judgment then complained of would not have been reversed on the ground specified had it then appeared from the testimony, as it now does, that J. W. Wacasey did not pay for the land and acquire the title thereof until January 4 or 5, 1920.

H. G. Evans, of Bonham, for appellants.
Thomas P. Steger, of Bonham, and H. L. Carpenter, of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above.) One of two assignments in appellants' brief is that the trial court erred "in rendering judgment for the plaintiffs (appellees here), and declaring a resulting trust in favor of the plaintiffs in the tract of land sued for, and ordering a partition of said land"; and the other is that "the evidence is not sufficient to sustain the court in holding that said plaintiffs have an interest in said tract of land, and the evidence is insufficient to sustain the findings of the jury in answer to questions Nos. 1, 2, 3, 4, 5, 6, and 7."

[1, 2] Appellees object to a consideration of the assignment first set out above, on the ground that it is too general, and to the other one on that ground, and also on the ground that it is multifarious. In the light of de-

cisions of the courts construing the statute and rules applicable (article 1612, Vernon's Statute, and rules 24, 25, and 26 for the government of Courts of Civil Appeals), we think a conclusion that the assignments are objectionable on the grounds urged is inescapable. See Chapman v. Reese (Tex. Civ. App.) 268 S. W. 967; Slaydon v. Fuller (Tex. Civ. App.) 266 S. W. 573; Nogals Oil & Gas Co. v. Bank (Tex. Civ. App.) 264 S. W. 341; Texas Employers' Ins. Association v. Pierce (Tex. Civ. App.) 254 S. W. 1019; Luse v. Beard (Tex. Civ. App.) 252 S. W. 243; Riley v. Palmer (Tex. Civ. App.) 250 S. W. 762; Thompson v. Smith (Tex. Com. App.) 248 S. W. 1070.

Therefore, and because we have found nothing in the record indicating that the judgment was not a just one, the assignments will not be considered.

The judgment is affirmed.