**LARGENT v. ETHERIDGE.** (No. 537.)

Court of Civil Appeals of Texas. Eastland. Feb. 1, 1929.

Rehearing Denied March 1, 1929.

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

W. E. Martin, of Abilene, for appellee.

FUNDERBURK, J. In the trial court, plaintiff, Joe Etheridge, claimed that defendant, D. F. Largent, was due him $424.61, the alleged cost price of a carload of potatoes, and in addition thereto owed him an unnamed sum, representing one-half of the profits from the sale of said potatoes. The allegations were that the potatoes were consigned to the defendant in pursuance of an agreement between the parties by which plaintiff employed defendant to sell produce for a commission or compensation equal to one-half of the profits. It was the duty of defendant, according to the allegations, to receive the shipments of produce; to sell same; to pay plaintiff, first, the cost of the commodities, and then one-half of the profits. It was alleged that under this agreement a car of potatoes costing $424.61 was received and sold by defendant at a profit; that the proceeds of sale were collected, but no part of same remitted to plaintiff, but, on the contrary, that same was converted by the defendant.

The defendant, after a general denial, pleaded a cross-action, wherein he claimed that he had a contract with plaintiff by which defendant was to accept consignments of farm and garden products in carload lots or less; that defendant was to pay the freight on same, and to sell the produce for which he was to receive the commissions, and was under duty to remit to plaintiff the proceeds of sale after deducting the freight charges advanced by him and the commissions due him. Defendant then detailed a number of transactions showing produce received and sold, freight paid, commissions earned, and amounts paid to plaintiff, and claimed a balance due by plaintiff to defendant of $137.56, for which he sought judgment by the cross-action.

The jury, in answer to special issues, found that defendant owed plaintiff the sum of $320, and that plaintiff owed defendant nothing. Upon this verdict the court gave judgment for plaintiff for $320, from which defendant prosecutes this appeal.

Appellant urges seven propositions under six assignments of error—one proposition under each assignment, except there are two propositions under the fifth assignment. Appellee objects to the consideration of any of the assignments for reasons that require our notice. The criticism directed to the assignments raise questions involving a consideration of the nature and functions of assignments of error and propositions as provided for by law and court rules. An assignment of error is simply a statement to the effect that a particular part of the proceeding of a court is erroneous. Its prime function is to point out and thereby identify a particular part of the proceedings contained in the record of the case, as to which it is claimed that there was error. By "part of the proceedings" is meant "Rulings of the court upon a motion or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause, or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence is incompetent or insufficient to prove, the insufficiency of the verdict or findings of the jury, if special, and the particular matter in which the judgment is erroneous or illegal." Rule 25 (142 S. W. xii).

Some parts of the proceedings in a case are so comprehensive—that is, involve so many different elements—that to merely state that the court erred therein carries no suggestion as to the nature of the error asserted. Examples of such are, the charge of the court, the verdict of the jury, etc. Assignments that the court erred in his charge to the jury, or the verdict of the jury is contrary to the law or to the charge of the court, while good in form, are prohibited by Rule 26 as not distinctly specifying the particular errors complained of. In such cases it is necessary for the assignment to state the particular part of the proceedings which it is claimed makes the charge of the court erroneous or shows that the verdict is contrary to law, or the charge of the court, etc.

A good assignment points out and identifies a single part of the proceedings. If an

assignment asserts that the court erred in two or more different parts of the proceedings upon which arise different questions, it is multifarious, and comes under the condemnation of the rules. Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795. For example: "The court erred in that part of his charge wherein he defined the term 'contributory negligence' to be, etc.," is a good assignment. "The court erred in his charge wherein he defined 'contributory negligence' to be, etc., and 'assumed risk' to be, etc.," is bad. It complains of different parts of the proceedings, and, although such parts are definitely pointed out, the assignment is bad.

■ It is not necessary to the validity of an assignment that it embody the statement of any reason why it is claimed that the part of the proceedings complained of is erroneous. It is the function of propositions to set forth the reason or reasons that support an assignment. Land Investment Agency Co. v. McClelland Bros., 86 Tex. 187, 23 S. W. 576, 1100, 22 L. R. A. 105.

■ Just as an assignment properly deals with a single ruling of the court or other particular part of the proceedings, so a good proposition deals with a single reason to support the assignment to which it is germane. If there are more than one such reason, then each should be presented by a separate proposition. If one proposition undertakes to set forth two or more different reasons, then it is multifarious.

■ From what has already been said, it is necessarily true, as declared in Garonzik v. Green (Tex. Civ. App.) 275 S. W. 184, that a defective assignment cannot be cured by a proposition under same, nor can a proposition enlarge the scope of the assignment.

■ With these principles in mind, let us examine appellant's several assignments, in order to determine their sufficiency. The first assignment is: "Because the special issue No. 1 submitted to the jury does not submit an issue made by the pleading and under the answer to which issues cannot form a basis upon which the Court may render judgment thereon."

The third assignment reads: "Because the special issue No. 2 submitted by the court to the jury does not submit an issue made by the pleadings and evidence, the answer to which would not form correct basis upon which the court may render proper judgment."

In the first assignment, by supplying by implication words to the effect that "the court erred," and rejecting some of it as surplusage, or intended as repetition, we think we may be justified in holding it a good assignment. As so construed, perhaps a better statement of the assignment would be: "The court erred in submitting special issue No. 1 to the jury, there being no pleading raising such issue."

The proposition under this assignment reads: "It is incumbent upon the trial court, where the case is submitted on special issues to a jury, to submit all material controverted issues plead and proven and the submission only of issues as to the main cause not plead and proven, the answer to which would not form a correct basis upon which the court may render proper judgment, is reversible error."

The proposition is difficult to understand. It seems fairly certain that it sets forth the contention that special issue No. 1 as submitted to the jury was not pleaded or proven. This raises two questions—one concerning the pleadings; the other, the evidence. It is not within the terms of the assignment, which complains alone of a question arising upon the pleadings. We are warranted in declining to consider the proposition without which the assignment is unavailing. We will, however, take occasion to say that we cannot understand how it can be contended that there was no pleading to justify the court in asking the jury to find how much, if anything, the defendant was owing plaintiff. Any proper statement under the proposition would show that, by plaintiff's pleadings, he certainly tendered an issue that defendant owed him, at least, $424.61. Just as certainly, defendant's cross-action raised such issue. If then, we consider the proposition, we find ourselves under the necessity of overruling it.

■ The third assignment, while so nearly like the first, is sufficiently different to be subject to the vice of multifariousness. It not merely asserts error because there was no pleading to authorize the submission of special issue No. 2, but also because the evidence raised no such issue. This condemns the assignment under the rules above discussed. If it were considered, however, it would be necessary to overrule it for the same reasons mentioned in disposing of the first proposition.

■ The second assignment is: "Because the answer to special issue No. 1 is not supported by the law or evidence."

Whether the finding is supported by the law is one question, and whether by the evidence is another. Since the "law" is not part of the proceedings in the case, we may be justified in treating that as surplusage. It has many times been held that an assignment that the verdict is contrary to the law and evidence is too general to require consideration. Weatherford v. McFadden, 21 Tex. Civ. App. 260, 51 S. W. 548; Ross v. Blunt (Tex. Civ. App.) 166 S. W. 913; American National Bank v. Warner (Tex. Civ. App.) 176 S. W. 863; Wardlow v. Andrews (Tex. Civ. App.) 180 S. W. 1161. But, as this assignment complains of a particular part of the verdict less than the whole, it seems to us in principle that it ought to be held sufficient. The proposition under this assignment is: "Where, in answer to a

special issue, not supported by the pleadings or evidence, it is error in the trial court to render judgment thereon."

It is plain that the proposition is not within the scope of the assignment. The assignment asserts that the answer to the special issue was not supported by the evidence. By the proposition it is contended that it is error to render judgment upon such an answer. It may be granted that both contentions are correct, but they deal with a different subject-matter. It therefore results that, if the assignment be held sufficient, it is unavailing because of the lack of a proper proposition. Before passing, we feel constrained to say, however, that, unless very positive testimony of plaintiff is to be treated as no evidence, we fail to see how it can be contended with any degree of reason that the finding of the jury in answer to the special issue is unsupported by the evidence.

The fourth assignment reads: "Because the answer to special issue No. 2 is in conflict with the instruction of the court in directing the jury to answer special issue No. 2 and the answer to special issue No. 2 is not in conformity with the instruction of this court to the jury."

Treating the assertion that the answer is not in conformity with the instruction as but an attempted repetition of the assertion that it is in conflict with the instruction and not as raising two different questions, the assignment is, nevertheless, bad. It fails in the principal function of an assignment as above stated. It refers to an instruction of the court, but in no way points out or identifies same by either quoting it or stating its substance or effect. It is therefore not sufficient to entitle a proposition thereunder to be considered. Even if the assignment was good, the proposition under it is not. The assignment complains of a conflict between an answer of the jury and an instruction of the court. The proposition asserts error in the failure of the court to set aside the finding, an entirely different matter.

The fifth assignment of error is as follows: "Because the court erred in failing and refusing to submit the special issues requested by the defendant, being special issue No. 1 to 18 inclusive, which is fully shown by defendant's special requested issues herein filed and made a part of this motion."

Since special issues are required to be submitted distinctly and separately (R. S. art. 2189), and it is contemplated that when special issues shall be given or refused a record of such fact shall be noted thereon (R. S. art. 2188); each requested issue should be separate from the others. The act of the court in giving or refusing each requested issue is a distinct ruling of the court. It is apparent, then, that this assignment complains of eighteen different rulings of the court. What has already been said is sufficient to show that for such reason the assignment is

not entitled to be considered. Cammack v. Rogers, supra.

The sixth assignment is: "Because the court erred in failing and refusing to sustain defendant's exception to the court's main charge and special issues submitted to the jury, which error is more fully shown by defendant's exception to the court's charge herein filed and made a part of this motion."

What exception? Was the same exception made to each special issue? Was there one exception or a number of exceptions? It is apparent that no error is assigned that can be considered. The assignment points out no certain part of the proceedings shown by the record. If there was more than one exception, or if the exception was directed to more than one ruling of the court, then it violates the rule as to multifariousness.

We are forced to the conclusion that, as the case is presented to us, no reversible error is disclosed. The judgment of the trial court will therefore be affirmed.

### On Rehearing.

Special Issue No. 1 submitted to the jury was: "What sum of money, if any, was owing by Largent to Etheridge when their business associations ceased? Answer in dollars and cents."

The jury answered "$320.00." Appellee certainly pleaded that appellant owed him at least $425. Still it is earnestly contended that there was no pleading to support the verdict. A careful analysis of the argument discloses that appellant recognizes no distinction between the special issue itself and the instructions of the court accompanying same. In our opinion such distinction is important. If the verdict (in this case the above question and answer) is not supported by the pleadings, there is fundamental error. Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W.(2d) 185. If, however, the subject-matter of the verdict be within the terms of the pleading, the judgment thereon cannot be disturbed, however erroneous the instructions of the court, of which no complaint is made. In Sivalls Motor Co. v. Chastain, supra, a judgment was sought to be reversed because of the erroneous submission of a special issue. No bill of exception had been taken. We were compelled to hold that we could not disturb the judgment on that ground because, under mandate of the statute (R. S. art. 2185), the error was waived. But it happened in that case that the very objection made to the giving of the special issue was that there was no pleading to support it. We held that, although we could not consider the error of the court in submitting the special issue, being the error assigned and relied on for a reversal, yet it was our duty to take notice of the fundamental error in basing a judgment on a verdict not supported by the pleadings.

The difference in that case and this is that

here the verdict itself is supported by the pleadings. The gravamen of appellant's complaint seems to be that the court, by its instructions to the jury, directed them to consider matters beyond the scope of appellee's pleading in arriving at their verdict. If the instructions had such effect and should be conceded to be error, the provisions of article 2185 supra, pronounce as the consequence of not having made timely objection to the giving of the instruction the taking of a proper bill of exception, and urging an assignment here to that effect, that such error is waived.

The motion for rehearing will be overruled.