## Texas & Pacific Railway Company v. Mugg & Dryden.

No. 1373. Decided December 15, 1904.

**Railway—Freight Rate—Interstate Commerce.**

A railway company is liable for damages caused by its agent quoting to a shipper a freight rate less than the regular published tariff, for an interstate shipment, whereby he was led to make contracts to sell the article transported at a price based on the rate named, though the carrier could not contract to transport at such rate nor the shipper enforce such contract. (Pp. 353-355.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*T. J. Freeman, Stanley, Spoonts & Thompson,* and *Marshall Spoonts,* for appellant.—The court erred in rendering judgment herein for the plaintiff, because the undisputed evidence shows that the plaintiff's cause of action is based on a quotation of rate, alleged to be a contract of shipment, lower than the rate in effect on shipments of coal in carload lots from Coal Hill, Arkansas, to Weatherford, Texas, filed with the Interstate Commerce Commission and printed and publicly posted, which contract or quotation of rate was illegal and void, and no recovery can be had for a breach thereof. Missouri K. & T. Ry. Co. v. Bowles, 40 S. W. Rep., 899, and authorities therein cited; Gulf C. & S. F. Ry. Co. v. Hefly, 158 U. S., 97; Houston & T. C. R. R. Co. v. Dumas, 43 S. W. Rep., 610; Texas & P. Ry. Co. v. Clark, 4 Texas Civ. App., 614; Missouri K. & T. Ry. Co. v. Stoner, 5 Texas Civ. App., 52; Missouri K. & T. Ry. Co. v. Lumber Co., 85 Texas, 405; Dillingham v. Fischl, 1 Texas Civ. App., 552; Southern Ry. Co. Harrison, 13 Am. & E. R. R. Cases, N. S., 27; San Antonio & A. P. Ry. Co. v. Clements, 20 Texas Civ. App., 499.

*W. B. Paddock* and *Robert Harrison,* for appellees.—Where a prospective shipper inquires of a railway freight agent the freight charge on a commodity to a certain point, and advises the agent that he is about to make a sale of the commodity at a price based on the freight charge, and the agent advises him that the goods will be shipped for a certain freight charge, and the goods are sold and the price fixed on a basis of this freight charge, and the railway company collects a greater freight charge than the agent advised would be collected, the shipper has sustained damages by the fault of the railway company's agent, and the measure of his damage is the difference between the freight charge he is forced to pay and the freight charge the agent advised him would be collected.

BROWN, Associate Justice.—Certified questions from the Court of Civil Appeals of the Second Supreme Judicial District, as follows:

"We deem it advisable to certify to your honors for decision the question whether or not the appellant, Texas & Pacific Railway Company, is liable to the appellees, Mugg & Dryden, upon the following state of facts, said cause being now before us for determination upon appeal from the County Court of Tarrant County, Texas. The cause originated in the justice court, from which it was appealed to the County Court of Tarrant County, where a trial was had on the following statement of appellees' cause of action, to wit: 'Statement of plaintiff's cause of action. Damages in the sum of $140.18 as follows: By reason of defendant making and quoting to plaintiffs a rate of $1.25 per ton on two cars of coal and $1.50 per ton on one car of coal, in January and February, 1903, respectively, from Coal Hill, Ark., to Weatherford, Texas, on which rates so made and quoted plaintiff relied

in contracting said coal shipped and sold at prices based on said rates; whereas defendant assessed and collected of plaintiff freight at the rate of $2.75 per ton on said two cars and $2.85 on said one car, which said freight rate plaintiff was forced to pay and did pay under protest in order to obtain said coal and deliver same in compliance with sales previously made. That plaintiff's loss and damage in the sum aforesaid were occasioned by defendant's negligence in making and quoting to plaintiff the said rates, on which rate quoted defendant knew plaintiffs relied and based their sales of said three cars of coal shipped and sold thereafter, and then forcing plaintiffs to pay a greater rate, amounting in the aggregate to the sum of $140.18, on said three cars of coal, thereby causing plaintiffs' loss and damage in the said sum.'

"To this pleading the appellant answered by general demurrer and general denial, and especially denied that it ever entered into any contract for the shipment of coal for appellees from Coal Hill, Ark., to Weatherford, Texas, at the rate alleged in appellees' statement; and further that if it ever quoted any such rate to appellees such quotation was a violation of the Interstate Commerce Act, and was a lower rate than the interstate rate in effect at the time the shipment was made which had been duly published, printed and posted in its depot and stations as required by the terms of the act; and further that it collected from appellees the exact rate prescribed for such commodity under said act, and that such contract, if any was made, was in violation of law and void. Upon a trial without a jury judgment was rendered for the appellees for the amount sued for and all costs of suit.

"It is agreed by the parties that the rate charged and collected on the shipments of coal in controversy from Coal Hill, Ark., to Weatherford, Texas, as shown in appellees' statement of cause of action, was the regular rate in effect at the time the shipments were made, as shown by the printed and published schedules of the Texas & Pacific Railway Company on file with the Interstate Commerce Commission, and posted in the stations of said railway company, as required by the Interstate Commerce Act. There is no assignment challenging the sufficiency of the evidence to support the material allegations of appellees' pleadings."

We answer that the railroad company is liable to the appellee for damages occasioned by the misrepresentation of the rate of freight as shown by the statement of facts.

The authority of the agent, who stated the rate to the appellee, is not questioned. The fact that the agent named a rate less than that which was in effect at the time and which was posted according to the Interstate Commerce Law will not avoid the claim of the appellees for damages arising out of the misrepresentation of the appellant's station agent. It is true that if the agent had made a contract with the appellees for the shipment of the coal from Coal Hill, Ark., to Weatherford, Texas, at the rate stated by him, that contract could not have been enforced, because it would have been in violation of the Interstate Com-

merce Law.  But this suit was not brought upon such contract for its enforcement; there was no contract; it is an action for damages occasioned to the appellees by the misrepresentation of the agent of the railroad company, whereby the appellees were caused to make a contract for the sale of coal at a certain price, relying upon the representation by appellant's agent that the freight rate would be as stated, whereas the appellees were compelled to pay a higher rate and thus the damages arising to the appellees were occasioned by the misstatement which induced them to make the investment in the coal and the contract for its sale.  Pond-Decker Lumber Co. v. Spencer, 86 Fed. Rep., 846; Missouri Pacific Railway Co. v. Crowell Lumber Co., 70 N. W. Rep., 964.

The two cases cited are very similar in their facts to this.  In Pond-Decker Lumber Co. v. Spencer, the identical question here presented was raised and decided in accordance with our opinion, although there are some facts in the case which would distinguish it from this upon other points and the case might have been decided possibly without deciding the question involved here, yet the question was involved in that case and was decided by the court; it is therefore authority for the answer that we have made.  The second case cited above determines the question of the right of a shipper to recover damages accruing by reason of the misrepresentation of a freight rate and was based upon facts very similar to those certified in this case.