THOMPSON v. CALDWELL et al. (No. 623.)

Court of Civil Appeals of Texas. Eastland.
Nov. 15, 1929.

Rehearing Denied Dec. 20, 1929.

Mike E. Smith, of Fort Worth, and Fred S. Dudley, of Dallas, for appellants.

W. J. Durham, of Sherman, for appellees.

Fuller & Leaverton, of Marfa, for appellant.

T. B. Ridgell, of Breckenridge, for appellees.

LESLIE, J. This is a suit in which Joe J. Caldwell and A. R. Flowers, plaintiffs below, appellees here, sued J. J. Thompson, appellant, for a commission due them by reason of an alleged performance under a brokerage contract. Their contention was that Thompson listed with them for sale his individual stock in the Lone Star Stage Company, a corporation, and that they procured a purchaser for the same upon the terms of the listing contract. The trial was before the court and jury, and upon answers to special issues a judgment was rendered in favor of plaintiffs for a sum equal to 5 per cent. of the sales price of the defendant's stock. The defendant has appealed.

The first proposition advanced by the appellant is to the effect that a broker suing on a contract, alleging the procurement of a purchaser and a sale actually made under such contract, cannot recover on proof of a sale on terms different from the terms of said contract. As an abstract proposition of law the statement is correct, but an examination of the pleadings and the testimony in this case convinces us that it has no application here. The pleadings, while inartistically drawn, on the whole are reasonably sufficient, and the testimony amply supports the verdict. In such case this court is not warranted in disturbing the judgment.

In briefing this and the following propositions the appellant seems to lose sight of the fact that the appellees merely declared on a simple contract whereby the appellant Thompson listed for sale *his individual stock* in the corporation with the appellees, with the understanding and agreement that they were to receive a commission of 5 per cent. of the sales price in the event they procured a purchaser ready, able, and willing to buy the stock on the stipulated terms. The original listing contract apparently was not qualified by any restrictions upon the part of Thompson to the effect that he would not sell his individual stock at the alleged price unless other stockholders were given advantage of the same prices. Judging from this record, that appears to have been an afterthought, and suggested itself after the purchaser had been found who was ready, able, and willing to buy Thompson's individual stock. It appears that the negotiations were necessarily prolonged to enable the purchaser to raise additional funds to buy the stock of the other stockholders in the corporation, but the fact that the purchaser, under such circumstances, thereafter bought all other stock along with Thompson's does not disprove the allegations of the appellees' petition seeking to recover a commission for procuring a purchaser for Thompson's stock. It rather strengthens and supports such allegations. True, certain stockholders in the corporation and the purchaser Bowen, at the conclusion of the negotiations, entered into a contract containing various provisions concerning the assets of the corporation, its debts, etc., and the deal was ultimately consummated on such terms. However, that does not disprove the appellees' case, since they were concerned merely with establishing the allegations that Thompson listed his individual stock with them, and that they found a purchaser, as per the terms of such listing. The contract between R. C. Bowen, the purchaser, and Daniels, Thompson & Leverton, representing the stockholders in the corporation, evidences that the purchaser took Thompson's stock at the price which the appellees alleged and testified they were to obtain for the same under the contract with Thompson. On that phase of the case the contract, as evidence, had a value, and it is immaterial that in other portions of that contract there were stipulations (by the sellers) to the effect: (1) That the indebtedness of the corporation did not exceed $12,000; (2) that Daniels, Thompson & Leverton would not engage in the operation of stage lines in competition with the corporation being sold for a period of five years from date; or (3) that such corporation had a good title to a certain lot in Breckenridge. These stipulations and others related to the assets and liabilities of the corporation whose entire stock was being sold to the purchaser, and they had no bearing upon the alleged contract between Thompson and the appellees; the latter involving, as alleged, a mere listing by the owner of certain shares of stock for sale with the appellees. In this we can see no sale on terms different from those of the alleged contract. Further, upon the contention here made, the jury has found against the appellant, and the testimony supports the verdict.

Propositions 2 and 3 are closely related. Proposition 2 is to the effect that a broker cannot recover a commission unless he has procured a purchaser ready, able, and willing to buy on contract terms, and the third is to the effect that a broker, who alleges a sale and that he was the procuring cause thereof, cannot recover a commission without proof that he was such procuring cause, "where there is no special contract authorizing commission in the event of sale, regardless of who was the efficient cause." These are statements general in their nature, and regarding them as propositions they apparently address themselves to matters of pleadings and the sufficiency of testimony to support the findings of the jury thereunder. As stated above, the

pleadings are deemed sufficient as a basis for recovery, and the questions of fact here raised have been settled by the jury's verdict.

■ The fourth proposition is: "A broker alleging a sale as a basis for commission cannot recover on proof of an attempted sale to one party and an actual sale made to a different party."

The appellees alleged a sale to one R. C. Bowen, or that he was the purchaser found, who was ready, able, and willing to buy Thompson's stock. The appellant's specific contention here is that the appellees alleged a sale to one party, and the testimony established a sale to a different party. This contention is suggested by certain testimony to the effect that Bowen, in purchasing the property, did so as an agent and trustee for undisclosed beneficiaries. According to this record such a contention is highly technical. The contract introduced in evidence by the appellant, and which was the basis for consummating the entire deal, was executed by Daniels, Thompson & Leverton, signing the same individually, and the purchaser, R. C. Bowen, signing the same likewise. The contract provided that the stock of the corporation was to be delivered to the said Bowen, and no importance seems to have been attached by any of the parties to the proposition that Bowen may have represented undisclosed principals. We regard it as immaterial, under the facts of this case, that he may have purchased the stock for undisclosed beneficiaries, and do not believe that the record shows a sale to one other than the person alleged in appellees' pleadings.

■ The fifth proposition is: "In order for a broker to recover his commission his allegations and proof must correspond."

This has long been recognized as a correct statement of an abstract proposition of law, but under the rules of briefing it is not a correct proposition calling for consideration by an appellate court. As said in Broussard v. South Texas Rice Co. (Tex. Civ. App.) 120 S. W. 587, 590: "The proposition is an abstraction, and presents nothing concrete upon which a court can act."

The true function of a proposition is to set forth the reason or reasons that support an assignment. Clarendon Land & Investment Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Largent v. Ethridge (Tex. Civ. App.) 13 S.W.(2d) 975.

■■ In the authority first cited, Chief Justice Gaines specifically pointed out that the reasons by which allegations of error are sought to be sustained find their proper place in the propositions. There is nothing in the statement under consideration to indicate any reason whatever why the court erred in respect to an order or ruling made by it in the progress of the trial of the instant case. Under the rules of briefing, and under the authorities in this state, each proposition advanced in this brief is deficient in the respects

enumerated. But, passing over this, and giving consideration to the statement and the argument under this proposition, we reach the conclusion from the argument especially, that the particular question here sought to be presented arises from the fact that the appellees filed a supplemental petition which it is alleged contains matters appropriate only to an original or an amended petition. In the argument under this proposition the appellant cites May v. Anthony (Tex. Civ. App.) 151 S. W. 602, and Gossett v. Vaughan (Tex. Civ. App.) 173 S. W. 933, upon the proposition that: "We cannot consider the supplemental petition when ascertaining the cause of action sued upon." It thus appears that the proposition was evidently designed to reach some such alleged error, but if such alleged error could be considered under the proposition advanced, nevertheless, no such error appears in the instant case. It is a general rule that a supplemental petition may not be looked to to supply defects and omissions in the original petition. Crescent Ins. Co. v. Camp et al., 64 Tex. 521. But an objection to the filing of the supplemental petition should be made in the trial court, and the objection should not be raised for the first time in the appellate court. Burger v. Ray (Tex. Civ. App.) 239 S. W. 257, 260; Benson v. Adams (Tex. Civ. App.) 274 S. W. 210. In the first case cited the appellant's proposition was: "That plaintiff's original petition did not contain a cause of action and he could not recover on his supplemental petition." In disposing of the proposition the court said: "This proposition states a correct rule of subjunctive law, to wit, omissions or defects in an original petition cannot be supplied or corrected by supplemental petition and thereby properly plead a cause of action. This can only be done by proper amendment of the original petition, etc. Creosoted Wood Block Paving Co. v. McKay et al. (Tex. Civ. App.) 234 S. W. 587. However, this defect in the pleading should have been raised in the trial court by proper exception and cannot be for the first time raised on appeal. The error, not being objected to, will be considered as having been waived. Stoker v. Patton (Tex. Civ. App.) 35 S. W. 66; Paddleford v. Wilkinson (Tex. Civ. App.) 194 S. W. 467."

■ If the filing of the supplemental petition worked a surprise and thereby prejudiced the rights of appellant, entitling him to a continuance, he should have claimed it under rule 16, governing district and county courts. 142 S. W. xviii.

The sixth proposition proceeds upon the theory that the seller revoked the brokers' authority to sell. A sufficient answer to this proposition is that the jury, in answer to special issue No. 4, found that no such revocation of authority was made.

Proposition 7 fails to meet the requirements of a correct proposition of law under the rules of briefing. It assigns no reason

why any action complained of was error. It is believed that the question sought to be presented is fully disposed of under propositions 1, 2, and 3 herein.

■ The eighth proposition is to the effect that a broker cannot recover a commission from the seller when such broker is being paid a commission by the purchaser. This is correct if such a transaction be not sanctioned by the seller, but the proposition here is fully answered by the verdict of the jury, which was to the effect that the appellees were not to receive any commissions from the purchaser. The evidence fully supports the verdict.

Propositions 9, 10, and 11 are, as hereinbefore stated, general abstract statements, for instance, proposition 9 is: "A pleading must be definite, complete, certain and unambiguous."

These statements or propositions are grouped and sought to be presented with a single statement for the entire group. That statement discloses that several different rulings of the court are being complained of. These rulings involve the overruling of a general demurrer and a like action as to the second, fifth, sixth, seventh, eighth, and ninth special exceptions. The statement contains these exceptions and the plaintiffs' amended petition.

■ Each proposition should be a single proposition of law, directed to the action of the court in a particular respect, and it should set forth a reason or reasons why such action upon the record is erroneous. Here it is sought to present for review seven distinct unrelated alleged errors of the court by means of three propositions (regarding them as such), and neither of the three points out a specific reason why either order or ruling of the court was erroneous. To consider different and unrelated errors under one such proposition would be to sanction a multifariousness in a proposition, and the rules forbid that a proposition be multifarious.

Further, considering the pleadings as a whole, we do not believe there is any merit in the propositions and they seem to be advanced on the assumption that the supplemental petition must be disregarded, even though no objection was made thereto on the trial, a proposition hereinbefore considered.

Proposition 12 is: "It is error for the court to refuse to instruct the jury, upon special request, on each controverted material issue."

■ As stated, it falls short of the requisites of a proposition, but considering it in the light of the statement and argument we find it is submitted as germane to various assignments of error, viz.: The thirteenth assignment, complaining that the court refused to give plaintiffs' specially requested issue No. 2; the fourteenth, that he failed to give specially requested issue No. 7; the sixteenth, that he failed to submit specially requested issue No. 10; and the seventeenth, that he failed to submit specially requested issue No.

11. These assignments are separate and distinct and properly addressed to a single ruling of the court, but the proposition assigns no reason whatever why it was error for the court to reject either of the specially requested issues. Upon this record it is inconceivable how a reason why the court erred in rejecting one of these issues could possibly be a reason why he should not have rejected any one of the other specially requested issues.

Judging from the statement made under this proposition, we are of the opinion that the special issues sought to be submitted were either sufficiently covered by the court's original charge, or were called for by the testimony.

The thirteenth proposition is not briefed.

Propositions 14, 15, 16, and 17 while deficient in the respects hereinbefore pointed out, appear to be directed to the action of the trial judge in his dealing with the jury after they had retired to consider their verdict. About 30 minutes after so retiring they rang for the sheriff and sent to the judge the following written request:

"Judge: Send us the deposition of Mr. Bowen, please. I. B. Bullock, Foreman."

The judge thereupon by telephone called the attorney for appellant and informed him that he would not send the deposition. To this the attorney agreed. Thereupon the judge in writing instructed the jury as follows:

"Gentlemen of the Jury: The court has just received your written request to send to you in the jury room the deposition of Mr. Bowen. In reply the court will state to you that, under the laws, you are not permitted to take depositions to the jury room and I cannot, therefore, send it to you. Any testimony you want read you may have, by stating in writing what part it is you want, and then coming into open court for that purpose.

"C. O. Hamlin, Judge."

■ Upon learning that this instruction had been given, the appellant duly excepted and complains by the propositions submitted. In appellant's bill the court's writing addressed to the jury is designated as a "charge," and the complaint made thereto is: "That said charge was not submitted to the defendant or his counsel, but was given to the jury before the rendition of their verdict and in an illegal manner, and without any knowledge on the part of the defendant or his counsel that such was being done. * * * That such charge was not the law, was prejudicial, ambiguous and misleading."

From the above it will be seen that the appellant's proposition and his bill of exceptions do not present a case of alleged misconduct by the judge in communicating with the jury. Rev. St. 1925, art. 2197. We do not pass on any such contention.

The first question presented arises under article 2185, Rev. St. 1925, which requires the judge to present his charge to the attorneys

for inspection, giving them a reasonable time to object thereto, etc., before reading it to the jury. And the court's action is further assailed, in that he incorrectly charged the law by placing a greater burden on the jury for obtaining testimony than the law prescribes, in that he told the jury that *any* testimony they wanted read they could have by stating *in writing* what part they desired, etc., the specific vice being that they could not, under the law, have any testimony read to them, since the witnesses must appear and be placed on the witness stand and caused to testify to the direct point in dispute, and, as to depositions, the law does not require the jury to make the request *in writing*, as specified by the court.

We do not believe the judge should have given to the jury the instruction in the manner which he did. The proper procedure in any event would have been to submit it to the respective attorneys as in the case of an original charge. Having thus failed to observe strictly the statute with reference to charging the jury, it becomes necessary to consider and determine whether the matters complained of were harmless, and without probable prejudice to the appellant. In doing this it must be conceded that it is not the law that any testimony adduced upon a trial could be obtained by the jury by merely requesting the same in writing, and coming into court to have it read. Oral testimony by witnesses can only be reproduced by having the witness "again brought upon the stand" for that purpose (article 2199, Rev. St. 1925), and to obtain the reading of a portion of a deposition or other papers in evidence the law requires nothing of the jury but to "notify the court to that effect," and the court may permit such portion of the deposition or paper to be again read to the jury.

Conceding these propositions, and that the court did not charge the jury in precise terms of law, we do not see how the proceeding complained of in any respect prejudiced the rights of the appellant in this case. In the first place, the charge, if it be so regarded, was merely on collateral matter arising after the submission of the case. It did not deal directly with the law as applicable to the issues submitted to the jury. It was a request for an entire deposition, and there is nothing in the bill or record disclosing that the jury had "disagreed as to any portion of the deposition," a prerequisite to their right to call for a rereading of the same. Rev. St. 1925, art. 2199. They were not entitled to the deposition. Under the circumstances it was the duty of the court to refuse the request. The jury had already adopted the method of requesting in writing what they desired. Each juror was evidently able to read and write, as that is a prerequisite to jury service. They had already made a written request to the judge, and demonstrated their ability to

use that method of communication. The statement by the judge that they should make such requests in writing did not, in our opinion, discourage the jury from obtaining the reproduction of any testimony about which they might have disagreed. There is nothing in the record to show that they at any time disagreed as to any testimony adduced before them. For these reasons we believe the charge of the court was harmless, and under rule 62a should not reverse this cause.

The eighteenth proposition complains of the argument of appellees' attorney, urging that the permission of the same by the court is reversible error. The qualifications made by the court to the bill convinces us that no material error is shown. Besides, the bill fails to show that the argument was not made in response to the arguments of opposing counsel, and are, for that reason, insufficient to show error in this respect. Texas P. C. & O. Co. v. Grabner (Tex. Civ. App.) 10 S.W. (2d) 441 (6); Pecos & N. T. Ry. Co. v. Suitor (Tex. Civ. App.) 153 S. W. 185; Oilbelt Motor Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338 (3).

The appellant's propositions are overruled.

For the reasons assigned, the judgment of the trial court is affirmed.