### DONNELL v. TALLEY et al.
#### No. 1567.

Court of Civil Appeals of Texas. Eastland.

March 26, 1937.

Rehearing Denied April 30, 1937.

T. R. Odell, of Haskell, for appellant.

Marshall & King, of Graham, for appellees.

**FRANK SPARKS, Special Associate Justice.**

Sam Donnell instituted this suit against Mrs. Dovie Talley and the minor and adult children of herself and her deceased husband, W. T. Talley. The object of the suit as stated in appellant's brief is "for the possession of the assets of the partnership of W. T. Talley and Sam Donnell; for an accounting; for removal of the cloud on the title to said property of said partnership; for injunction restraining defendants from collecting or receiving any of the debts due and owing to said partnership. * * *" The nature of the suit is perhaps more accurately reflected by the prayer of the plaintiff's petition. It is as follows:

"Wherefore, plaintiff prays the court, defendants having answered in this cause, that on final hearing, judgment be rendered that an account be taken of all and every transaction and dealing of the late co-partnership of W. T. Talley and Sam Donnell, and that said judgment determine the amount due plaintiff by the partnership, for money placed in said partnership assets, and not withdrawn by the plaintiff in excess of the amount placed in said partnership of W. T. Talley and Sam Donnell by W. T. Talley, and not withdrawn by W. T. Talley up to the time of the dissolution of said partnership by the death of the said W. T. Talley, to be the sum of $3,659; that the cloud passed upon the title of said land and property belonging to said partnership of W. T. Talley and Sam Donnell be removed, and that the defendants, and each of them, be restrained, by order of this court from collecting or receiving any of the debts due and owing to said partnership or from, in any manner, interfering with the plaintiff in winding up and settling the partnership business of W. T. Talley and Sam Donnell, or in any manner interfering with the possession of Sam Donnell as surviving partner of the partnership of Sam Donnell and W. T. Talley, for possession of all property belonging to the partnership of W. T. Talley and Sam Donnell,

for costs of suit, and for such other and further relief, special and general, in law and in equity that he may be justly entitled to."

The defendants answered by general denial, etc. The jury to whom special issues were submitted found (1) that the partnership owed Sam Donnell nothing; (2) that the partnership was due the defendants nothing for money or property invested in said partnership, and not withdrawn by W. T. Talley in excess of the amount placed in said partnership by Sam Donnell and not withdrawn by said Sam Donnell; (3) that nothing was due Sam Donnell by the partnership from money or property invested in said partnership and not withdrawn by plaintiff in excess of the amount placed in said partnership by W. T. Talley, deceased, and not withdrawn by said Talley.

Upon this verdict, the court rendered judgment to the effect that the plaintiff take nothing by the suit.

It will be noted that the issues submitted, and the accompanying explanations to which no legal or valid objections were made on the trial below, follow closely the allegations of the plaintiff's petition and the case as developed on the trial.

At the date of the deceased partner's death one of the defendants held possession of the land in controversy under a rental contract with the partnership, and such defendant or defendants continue to hold such possession by virtue of the replevy bond in a sequestration proceeding, instituted by the plaintiff herein, and which was considered by this court in an opinion to be found in Donnelly v. Talley, 84 S.W.(2d) 872.

Neither litigant sought a partition of the 320 acres of land described as the T E & L Co. survey No. 3044, Abst. No. 766, in Throckmorton county, Tex., and the net result of the trial leaves the surviving partner and the heirs of the deceased partner, respectively, equal owners of the same.

■ Appellant's brief contains seventeen assignments of error, but only assignments 1, 2, 5, 7, 8, and 10 are attempted to be presented as a basis for one or more of the propositions hereinafter stated. If the specified assignments be regarded as briefed, all others were definitely waived, and will be so treated in this opinion.

In the appellant's brief he presents as "Propositions upon which this appeal is based" the following:

"1. The verdict of the jury must be supported by evidence before it can form the basis of a judgment.

"2. On the death of one partner the surviving partner is entitled to the exclusive possession of the partnership assets.

"3. Appellees do not have a right to a partition of the assets of the partnership until the partnership is wound up and all its debts paid.

"4. Only disputed issues should be submitted to the jury.

"5. A compliance with the requirements of the statutes requires a submission of all the (disputed) issues in the case.

"6. The judgment of the court should dispose of all issues raised by the pleadings and proof."

■ In the appellant's brief these so-called propositions are taken up in consecutive order, stated to be germane to assignments, and briefed as propositions. These six designated propositions are not in law such as are contemplated by the authorities and rules of briefing. They are mere abstractions and present nothing concrete or tangible upon which an appellate court can act, and the following authorities require the rejection of the propositions as presented. Clarendon Land Inv. Co. v. McClelland, 86 Tex. 176, 23 S.W. 576, 1100, 22 L.R.A. 105; Broussard v. South Texas Rice Co. (Tex.Civ.App.) 120 S.W. 587, 590; Largent v. Etheridge (Tex.Civ.App.) 13 S.W.(2d) 974; Hibbits v. Farrier (Tex.Civ.App.) 80 S.W.(2d) 1083; Fidelity Union Cas. Co. v. Koonce (Tex.Civ.App.) 51 S.W.(2d) 777 (8); Holsomback v. Taylor (Tex.Civ.App.) 61 S.W.(2d) 544 (1); First State Bank of Garrison v. Commercial State Bank, etc. (Tex.Civ.App.) 34 S.W.(2d) 297 (7); Thompson v. Caldwell (Tex.Civ.App.) 22 S.W.(2d) 720 (5); Atlas Torpedo Co. v. U. S. Torpedo Co. (Tex.Civ.App.) 15 S.W.(2d) 150; Maryland Cas. Co. v. Marshall (Tex.Civ.App.) 14 S.W.(2d) 337; Judd v. Wyche et al. (Tex.Civ.App.) 80 S.W.(2d) 808 (2); Miller v. Fenner, Beane & Ungerleider (Tex.Civ.App.) 89 S.W.(2d) 506; Hardwicke v. Trinity Universal Ins. Co. (Tex.Civ.App.) 89 S.W.(2d) 500.

■ Since propositions in briefs have in a sense lately been dispensed with under article 1757, Vernon's Ann.Civ.St. [Henderson v. Page (Tex.Civ.App.) 78 S.W.(2d) 293] the sufficiency of propositions as such may be regarded as unimportant or immaterial. Standard v. Texas Pacific Coal & Oil

Co. (Tex.Civ.App.) 47 S.W.(2d) 443; Sanitary Appliance Co. v. French (Tex.Civ.App.) 58 S.W.(2d) 159.

■ It is essential, however, that the above-purported proposition, if presented as assignments of error, be sufficient as such to invoke the jurisdiction of an appellate court, and the authorities above and many others condemn the appellant's propositions and assignments of error as insufficient for such purpose. See also court rules 24, 25, and 26, 142 S.W. xii. The true functions and elements of assignments of error in matters of briefing are clearly outlined in the above rules and in the following cases: Clarendon Land Inv. Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105; Largent v. Etheridge (Tex.Civ.App.) 13 S.W.(2d) 974; Jones v. Williams (Tex.Civ.App.) 14 S.W.(2d) 300; Panhandle & S. F. Ry. Co. v. Burt (Tex.Civ.App.) 71 S.W.(2d) 390; Foust v. Jones (Tex.Civ.App.) 90 S.W.(2d) 665; Thompson v. Caldwell (Tex.Civ.App.) 22 S.W.(2d) 720; Miller v. Fenner, Beane & Ungerleider (Tex.Civ.App.) 89 S.W.(2d) 506; Hardwicke v. Trinity Universal Ins. Co. (Tex.Civ.App.) 89 S.W.(2d) 500.

Assignments presenting mere abstract propositions and declared for that reason insufficient as such, are fully discussed in the following cases: Rasmussen v. Grimes (Tex.Civ.App.) 13 S.W.(2d) 959; Smith v. Temple Lbr. Co. (Tex.Civ.App.) 44 S.W.(2d) 388; Lubbock Nat. Bank v. Nickels (Tex.Civ.App.) 63 S.W.(2d) 764; Jones v. Williams (Tex.Civ.App.) 14 S.W.(2d) 300; Goldstein v. Susholtz, 46 Tex.Civ.App. 582, 105 S.W. 219.

■ Appellant's first two assignments are as follows: "1. Because the verdict of the jury is against all the evidence produced upon the trial of this cause. 2. Because the verdict of the jury is against the undisputed evidence in this case." These two purported assignments are illustrative of others presented and merely complain that the judgment is contrary to the law or evidence, or law and the evidence. A great number of opinions holding that such assignments are too general to merit consideration, are compiled in 3 Texas Digest, Appeal and Error, §§ 724 (3) and 733.

■ If we be in error in holding appellant's assignments insufficient, then we are of the opinion they are without merit. For instance, proposition one reading "The verdict of the jury must be supported by evidence before it can form the basis for the judgment," is offered as germane to the so-called assignment reading "Because the verdict of the jury is against all the evidence produced upon the trial of this case." It will be noted that there were several issues submitted to the jury, each of which was answered by the jury. The evidence essential to sustain the answer to one issue was necessarily different from the evidence required to sustain the answer to another or different issue. Manifestly, the purported assignment and the proposition submitted do not present an attack upon any particular phase of the jury's verdict, and, when directed to the verdict as a whole, is entirely too general to merit consideration.

Further, the assignment is not sustained by the record for the reason that there is evidence to support the jury's answer to each issue submitted. We find no request for an instructed verdict in favor of the appellant, and the nature of the testimony would not have justified the court in giving the same if requested. The greater part of the testimony was adduced from interested witnesses and was of such a nature that the most that can be said of it is that it raised an issue of fact for the determination of the jury. The assignment must therefore be overruled.

What has been said with reference to the first assignment is pertinent in a substantial way to the next assignment. The proffered proposition reads: "On the death of one partner the surviving partner is entitled to the exclusive possession of the partnership assets." This is presented as germane to an assignment reading "Because all evidence introduced in the trial of the case shows that the plaintiff is entitled to the possession and control of the partnership assets to wind up the business of the partnership of W. T. Talley and Sam Donnell."

■ The record does not sustain this contention. The record shows no partnership debt as a matter of law, and the appellant's brief fails to point out any such debt so established. The jury found the partnership did not owe the plaintiff, said Donnell, anything, and that there was no existing partnership indebtedness, business, or affairs calling for partnership administration. No issue other than those set out above was submitted with reference to any alleged indebtedness, and none requested by the plaintiff. Any issue raised but not sub-

mitted by the court nor requested by complaining party is waived. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849; Panhandle & S. F. Ry. Co. v. Burt (Tex.Civ.App.) 71 S.W.(2d) 390.

It is contended by the appellant the surviving partner is entitled to the possession of the 320 acres of land owned by the partnership for the purpose of paying partnership debts, including the debt alleged by appellant to be due him by the partnership. It is fundamental that a surviving partner is entitled to the exclusive possession of partnership assets after the dissolution of the partnership by death for the purpose of paying any and all partnership debts and thus winding up the partnership business. The appellant's right therefore to the possession of the 320 acres of land involved would be conceded in this instance if the trial and fact findings had shown any reason or necessity therefor.

Upon the death of one partner of the firm, the other member becomes a tenant in common of firm lands with the heirs of the deceased partner. Isbell v. Southworth, 52 Tex.Civ.App. 399, 114 S.W. 689. Speaking of the rights and powers of a surviving partner to dispose of partnership assets and pay debts, etc., the Supreme Court of Texas in the case of Martin v. Dial, 57 S.W.(2d) 75, 81, 89 A.L.R. 571, says: "In order to accomplish this purpose the surviving partner is entitled to the exclusive possession of the partnership assets. He is clothed with full power to sell all or any part of the partnership property *for the purpose of paying such debts. His power in this respect is equal to that of a community survivor.* (Italics ours.) Sanger v. Moody's Heirs, 60 Tex. 96, 101; Moore v. Steele, 67 Tex. 435, 3 S.W. 448; Sherk v. First Nat. Bank of Hereford (Tex.Com.App.) 206 S.W. 507; Murrell v. Mandelbaum, 85 Tex. 22, 19 S.W. 880, 34 Am.St.Rep. 777; Amarillo Nat. Bank v. Harrell (Tex.Civ.App.) 159 S.W. 858; Altgelt v. Alamo Nat. Bank, 98 Tex. 252, 83 S.W. 6."

It would seem, therefore, that the right of a surviving partner to the exclusive possession of unencumbered partnership lands would depend upon the existence of partnership debts rendering such possession necessary in order to settle the affairs of the partnership. There would seem to be no other reason for having such exclusive possession. At least this record presents none.

The estate of a deceased partner has an interest only in that which remains after the payment of the debts of the firm, and, in the absence of debts, that is the limit of the interest of the surviving partner in the estate. Neither would have a right to any specific part of the property employed in the enterprise.

As a proposition under his eighth assignment, the appellant presents the following: "Appellees do not have a right to a partition of the assets of the partnership until the partnership is wound up and all debts are paid." The assignment itself is not predicated upon the existence of any debt. Abstractly speaking, the proposition is correct, but, as pointed out, the finding of the jury on the issues submitted does not establish the existence of any partnership debts, but negatives the existence of the same. Neither the appellant nor the appellees sought a partition (referred to in the proposition) of the residue of the estate, and no relevancy is seen in the proposition or assignment here under consideration. If no question is made involving the right of partition in this court, then anything said upon that point would be binding upon no one. This court cannot do otherwise than take and decide the case as made and presented by the record.

As the fifth assignment, the appellant presents "Because the court erred in submitting special issue No. 1 to the jury." The issue reads: "From a preponderance of the evidence state what amount of money, if any, the partnership owes to Sam Donnell?" The plaintiff's objections to the court's main charge or issues do not point specifically to any fault in any particular issue submitted by the court. In appellant's brief he states that objection 3 was directed to issue No. 1 but that objection reads "that the special issue submitted by the court required a calculation and accounting of all the items involved in the entire transaction of the partnership of Sam Donnell and W. T. Talley, and the transaction of each of said parties." Jurors are competent under certain circumstances, and often required to make calculations. It is not believed that the objection was sufficiently specific to direct the trial court to any certain vice in issue No. 1, or any other issue submitted. The objection was not specific or helpful. Panhandle & S. F. Ry. Co. v.

Brown (Tex.Civ.App.) 74 S.W.(2d) 531 (4).

■ Further, in discussing the contention here sought to be presented, the appellant in his brief uses this language: "It occurs to me that the court erred in failing and refusing to submit each fact alleged and proved if there was any doubt or controversy as to each or any item." This observation doubtless related to such items as the $3,659 alleged to be owed to him (appellant) individually by the partnership as shown by the prayer. If all the issues involving items of indebtedness relating to the partnership were not submitted, the burden devolved upon the plaintiff to prepare and submit such issues in the form that they could be given by the court and predicate error upon the court's refusal to give the same, if he did. Otherwise such issues would be waived by the plaintiff. Harris v. Thornton Dept. Store, supra. The assignment is overruled.

■ The appellant presents as assignment No. 7, the following: "Because the court erred in not submitting all the issues made by the pleadings and the evidence," and as a proposition germane thereto the following: "A compliance with the requirements of the statute requires a submission of all the issues in the case." If a contention be here presented warranting review (and we think there is not) suffice it to say that if the trial court, as stated in the assignment, did not submit all the issues made in the pleadings and evidence, it was the duty of the appellant to prepare and submit correct issues under the circumstances and predicate error of the court upon his refusal to do so. Not having done so, any such ultimate issue would be waived. Gulf, C. & S. F. Ry. Co. v. Conley, supra; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Harris v. Thornton's Dept. Store, supra.

As the tenth assignment, the appellant presents the following: "Because the court erred in failing and refusing to render judgment disposing of the partnership assets in some manner." The judgment appears to dispose of all issues which either party insisted on having the court present to the jury or pass upon. It does not appear that a disposition of the partnership assets in some manner would meet the requirements of law. The judgment reads: "It is, therefore, ordered, adjudged and decreed by the court that the plaintiff, Sam Donnell, take nothing against the defend-

ants, or either of them, and the defendants go hence without day and recover their costs." In another part of the judgment it was decreed "and the defendants not having submitted their cross-action and counterclaim are not entitled to recover anything."

Again, as before pointed out, neither litigant sought partition of the 320 acres of land—the sole remaining partnership asset. The appellees in their brief state: "The appellees admit that the assets of the partnership consisting of T E & L Co. Survey No. 3044 in Throckmorton County, is owned one-half by the plaintiff Sam Donnell and the other one half by the appellees." Therefore, the judgment covered all points raised by the pleadings and evidence in this case.

■ Further, since neither party sought partition, it was not incumbent upon the trial court to render a judgment disposing of the partnership assets in "some manner." No error having been pointed out by the appellant, it follows that the judgment of the trial court should be affirmed, and, in so affirming it, it is our interpretation of the same, as well as the decree of this court, that the plaintiff and the deceased, W. T. Talley, owned said tract of land in equal interest at the time of the latter's death, and the appellant, Sam Donnell, now owns a one-half interest in said land, and that the appellees own the remaining one-half interest therein. As construed, the judgment of the trial court should be affirmed.

We have carefully considered this record with the view of determining whether or not the judgment of the trial court reflects fundamental error. We are altogether unable to discover any fundamental error in this record and have deliberately reached the conclusion that it must be disposed of upon the record as made in the trial court and presented here.

For the reasons assigned and in the terms above stated, the judgment of the trial court is affirmed.

GRISSOM, J., disqualified and not sitting.

FUNDERBURK, Justice (dissenting).

If the judgment challenged by this appeal is based exclusively, or to any material extent, upon a cause of action not pleaded by either party, a fundamental error is shown. In my opinion, a proper interpretation of the record shows that the cause of action, to which the special verdict of the

jury had reference, was one for an accounting. This view accords, as I understand it, with the majority opinion. We differ in the view that no cause of action in favor of plaintiff against the defendants for an accounting was alleged. That difference of opinion results, of course, in a corresponding divergence of views regarding the existence of fundamental error.

It is plain that the trial judge, who is now an esteemed associate on this court, regarded the suit in part, at least, as one for an accounting. The plaintiff himself seems to have done so, and that would very naturally account for the error, if any, on the part of the trial judge in adopting that view. In the prayer in plaintiff's petition he asked in part that "judgment be rendered that an accounting be taken," etc. If it were a mere matter of interpreting an ambiguous pleading, plaintiff's own construction should be given much, if not controlling, weight. But as I see it, the question is not one to be governed by that principle for very compelling reasons. *The allegations of plaintiff's petition were in effect a denial of the existence of a cause of action for an accounting.* There being no allegations in plaintiff's petition, alternative to other allegations, if a cause of action for an accounting could not exist without contradicting the allegations, then it seems to me that something more than a mere matter of construction is involved. Either no cause of action of any kind was alleged, or, if so, then it was not a cause of action for an accounting. The winding up of the business of the partnership, including the payment of partnership debts, to accomplish which the recovery of possession of the 320 acres of land as the principal partnership asset was sought as at least one of the purposes of the suit, was an indispensable prerequisite to the possible existence of any duty on the part of Donnell as the surviving partner to account to the defendants as the heirs and legal representatives of the deceased partner. Plaintiff's general duty as survivor of the partnership, dissolved by the death of one of its members, to finally render an accounting to the defendants, was a duty subject to his right to have the exclusive possession, control, and management of all the partnership assets to enable him to liquidate the partnership business and make the accounting. Martin v. Dial (Tex. Com.App.) 57 S.W.(2d) 75, 81; Dial v. Martin (Tex.Civ.App.) 37 S.W.(2d) 166; Altgelt v. Alamo Nat. Bank, 98 Tex. 352, 83 S.W. 6; Rogers v. Flournoy, 21 Tex.

Civ.App. 556, 54 S.W. 386; Shivel & Stewart v. Greer Bros., 58 Tex.Civ.App. 115, 123 S.W. 207; Caognard v. Tarnke (Tex.Civ.App.) 202 S.W. 221; Amarillo Nat. Bank v. Harrell (Tex.Civ.App.) 159 S.W. 858; Sherk v. First Nat. Bank (Tex.Com.App.) 206 S.W. 507; Schwab Clothing Co. v. Claunch (Tex.Civ.App.) 29 S.W. 922; 47 C.J. 1047, § 616. In a California case it was said: "An action by surviving partners against a deceased partner's administrator, who has taken possession of partnership property and refuses to deliver it to the survivors, is in claim and delivery, *and not in equity for an accounting.*" (Italics ours.) Fong Sing v. O'Dell, 50 Cal.App. 55, 194 P. 745; 47 C.J. 1100, § 735, note 95. This accords with the proposition that "An accounting will not lie against a partner who has no account to render." 47 C.J. 1156, § 837, note 30. The general principle or rule is further stated thus: "Surviving partners are not ordinarily entitled to an accounting from the representatives of a deceased partner," an exception being that they "may be entitled to an accounting from representatives of a deceased partner as to matters under control of the latter." 47 C.J. 1159, § 841; Mares v. Mares, 60 Mont. 36, 199 P. 267. Nothing, the proper subject matter of an accounting, was under the control of the defendants. In an accounting suit the plaintiff's pleadings must show *"that a duty to account rests upon the defendant* and further that *the right to an accounting is vested in the plaintiff."* (Italics ours.) 1 C.J. p. 633 § 97. No such duty or right was attempted to be shown by any of the pleadings in this case. As said before, the possible existence of such right or duty was inconsistent with the allegations of plaintiff's pleadings. The undisputed evidence showed that no such duty in fact existed. There is, therefore, as I see it, no escape from the conclusion that there was no pleading alleging a cause of action for an accounting. Since the verdict manifests that such was the cause of action upon which the judgment rests, the very rendition of such a judgment upon such a verdict, without support in the pleadings, is, in my opinion, a good example of fundamental error.

Plaintiff's right to the exclusive possession of the partnership assets authorized him to sue and recover such assets held adversely by others "including the representatives of a deceased partner." In addition to authorities already cited, see 47 C.J. 1058, § 634, note 97; Clay v. Freeman, 118

U.S. 97, 6 S.Ct. 964, 30 L.Ed. 104. He may maintain such a suit for possession of the assets or for the conversion thereof. 32 Tex.Jur. 533, § 205, note 2. I can see no reason why he may not maintain such a suit to remove a cloud from title, especially if it be shown, as plaintiff's petition alleged, that the cloud interferes with the settlement of the partnership business, or payment of its debts. *As respects such right, the defendants in this case are to be regarded as occupying no different position from that of any other person.* "The estate of the decedent acquires no right in the firm's assets and receivables, but only a right to an accounting and to the amount of decedent's interest, if any, in the firm, after liquidation and settlement." 32 Tex. Jur. p. 529, § 201, note 12. As further said by the same authority, "The surviving partner's right of possession and administration of the firm assets is exclusive of that of the decedent's personal representative, in the absence of any agreement with decedent for a survival of right or a continuance of the firm or of any provision of will inconsistent therewith." Id. 529, § 201, note 15.

There would perhaps be no difference of opinion that the plaintiff was entitled to judgment, under the undisputed facts, for the possession of the land, except as that question may be affected by the existence or absence of a necessity for administration and/or the existence or absence of unpaid debts due by the former partnership at the time of the dissolution. This presents the most difficult question in the case and one upon which I must admit I have been unable to find direct authority in the law books.

For the sake of emphasis, let me repeat what has already been said: *"As respects such right, the defendants in this case are to be regarded as occupying no different position from that of any other person."* This proposition, I take it, is unquestionably established by the authorities before quoted to the effect that the heirs of the deceased partner have no right in the partnership assets as such, but their right is limited to that of enforcing an accounting after the settlement of the partnership affairs. Can it be the law that any person may take possession, however wrongful, of partnership assets before or after the dissolution of a partnership by death of a member, and the surviving partner in a suit for such possession must litigate with a stranger the

question of the existence of debts subject to be denied the right of possession if for any reason he fails to establish the existence of debts? Suppose one heir of a deceased partner immediately upon dissolution of the partnership by the death of his ancestor takes possession of all the assets of the partnership, there being other heirs to whom the surviving partner will, after winding up the affairs, be under the duty to account. Let us further suppose that all the evidence of any indebtedness due the partnership happens to be such that under the circumstances of the particular case is rendered incompetent under the "dead man's statute." Are we required to so interpret the law that the surviving partner must fail in his suit for possession simply because of his inability to prove the existence of partnership debts? If so, what must his answer be when subsequently called upon to account to the other heirs in part for the very assets of which he has been denied possession?

Sound reasoning seems to me to justify the conclusion that in a suit by a surviving partner for the possession of partnership assets involving no question of the title of the firm, but simply one of the right of possession by the survivor, the question of the necessity for administration and/or the existence of debts should be controlled by the determination of such questions by the surviving partner, subject, of course, to the right in the representative of the deceased partner's estate to a faithful and true accounting after such administration. An analogy is believed to exist in the right of the Comptroller of the Currency or of a state banking commissioner to levy an assessment upon stockholders to pay the debts of an insolvent bank under federal or state statutes. In such cases it was held that the right and power of such officers to make and enforce such assessments was not dependent upon a showing of the existence of debts, nor could such right be defeated under a showing that there were no debts. Collier v. Smith (Tex.Civ.App.) 169 S.W. 1108; Kennedy v. Gibson, 75 U.S.(8 Wall.) 498, 505, 19 L.Ed. 476, 478. The two kinds of administration are similar in purpose and so far as I can see the reason of the rule in the one case would equally apply in the other. It seems to me wholly unreasonable and inconsistent with the duty of faithful and prompt administration by a surviving partner that he be required to litigate with every adverse claimant of firm

assets, the question of the necessity for administration by an action liable to be defeated, with resultant loss of the firm's assets to persons having no right thereto, simply on account of his failure or inability to show such necessity for administration or the existence of debts. It seems to me far more reasonable and in consonance with the purpose of the law to give to the judgment and discretion of the surviving partner controlling effect in enforcement of his clear right to the possession and control of the firm assets, necessary in any event to enable him finally to make the accounting which the law undoubtedly imposes upon him the duty to make. Particularly is this view reinforced, I think, by the consideration that since his judgment and exercise of discretion, whether right or wrong, cannot preclude or legally prejudice the right of any creditor of the partnership or final distributee of the partnership property.

If this suit was one against any other than the present defendants, or if there was no question that the former partnership owed unpaid debts, other than a debt to the surviving partner himself, I think it very probable his right to such possession would never have been questioned. But the right of the surviving partner to the exclusive possession of the firm assets for the purpose of paying debts due to himself by the partnership is just as clear and certain as his right to such possession for the purpose of paying debts to others. In Moore v. Steele, 67 Tex. 435, 3 S.W. 438, it was held that a surviving partner having the right and charged with the duty of holding possession of and selling partnership assets to pay partnership debts has the right to reimburse himself for advances to the firm. A fine statement of the law as applicable to this and other questions in this case is as follows: "As against the heirs, devisees and creditors of a deceased partner the legal title to firm assets vests in the surviving partners, who are given the exclusive right to the possession and control of the partnership assets, for the purpose of paying the partnership debts and disposing of the effects of the concern for the benefit of *themselves* and the estate of the deceased. This ownership continues until the partnership affairs are settled, and a surviving partner in possession of the partnership property has a right to hold it until the debts of the firm are paid, *including any indebtedness to himself*." (Italics ours.) 20 R.C.L. 995, § 232; Clay v. Freeman,

supra. If the surviving partner has such right, its very nature is such that it is not necessary that he have recourse to the courts to enforce it.

The record in this case strongly suggests, if it does not conclusively show, that the partners were good friends and trusted each other implicitly. The very fact that they kept no firm records to show the state of the accounts of the firm with its members evidences such trust and confidence in each other. It may well be true, as the plaintiff contended, that the firm owed him for advances the sum of $3,659. With plaintiff's mouth closed by operation of the "dead man's statute" (Vernon's Ann.Civ.St. art. 3716) as a witness to testify to the essential facts, it is not at all strange that the jury, upon consideration of the meager testimony admitted, found by their verdict that the firm owed plaintiff nothing. That finding which I have endeavored to show was not based upon any cause of action pleaded, or which had any possible existence, denies the plaintiff the right to pay himself the amount, if any, which the partnership owed him. That would be all right if that matter was determined in a proper action, but as I see it the time had not come when that question was ripe for decision by a court. On the contrary, plaintiff had the right, without the intervention of any court, to determine it for himself, subject to the subsequent right of the defendants to assert against him a cause of action for an accounting. If it be suggested that in such case the defendants would be similarly handicapped by the dead man's statute, it would at least be true that the plaintiff would be protected in his undoubted right to pay himself any debts due him by the partnership and it certainly should not be presumed as a matter of law that the trusted partner would be guilty of bad faith or fraud to the injury of that partner's surviving wife and children.

Plaintiff's suit being undoubtedly one in part to recover possession of partnership assets for the purpose of administration, the effect of the attempt to combine therewith a cause of action for an accounting, which by the very allegations of the petition when tested by the law could not exist, presents a situation somewhat analogous to that involved in Commercial Cas. Co. v. Hilton, 126 Tex. 497, 87 S.W.(2d) 1081, 89 S.W. (2d) 1116. In that case an attempt was made to set aside a compromise of a claim for compensation insurance on account of fraud and to recover compensation. It was

held that the court had jurisdiction to set aside the compromise, but no jurisdiction to award compensation. The cause of action for compensation in that case corresponds, I think, to the cause of action for an accounting, in this case. Although here it is not a strictly jurisdictional matter, yet it is as certainly true that the court had no authority to adjudicate a cause of action not alleged as to adjudicate a cause of action of which it has no jurisdiction. In the only sense of importance here, the court would have no jurisdiction in either case. Plaintiff's petition, I think, should be regarded as asserting at most only a cause of action to recover possession of the partnership assets for the purpose of administration. It may be that the statement of that cause of action was so intermingled with the matters upon which an accounting was prayed as to justify the view that no cause of action of any kind was sufficiently alleged. At any rate, it seems to me that the judgment should be reversed because it is based upon a cause of action not alleged and which, according to the allegations of plaintiff's petition, could have had no existence, and the cause should be remanded for a new trial.